United States District Court
District of Massachusetts
Western Division



Springfield, Massachusetts

Civil Action No. 05-30082-KPN

Scott Stern,

400 West Main Street,

North Adams, Massachusetts 01247,

      Plaintiff,

  vs.

Mary Stern,

404 Brattleboro Road,

Bernardston, Massachusetts 01337,

      Defendant

And,

Gary Matteson

404 Brattleboro Road,

Bernardston, Massachusetts 01337,

      Defendant

and

Evan Ehmann, LICSW

P.O. Box 316

Ashburnham, Massachusetts

      Defendant

(978)827-1316

)
)
) Complaint against Defendants for
) Violations of M.G.L. Chapter 272 §99;
) M.G.L. Chapter 265 §43A; M.G.L. Chapter 274,
) Section 2 and Section 7; M.G.L. Chapter 12,
) Section 11H and Section 11 I;
) M.G.L. Chapter 214 §1B;
) Massachusetts Constitution
) Articles I(CVI), X, and XIV
) United States Constitution Fourth Amendment
) Unreasonable Search and Seizure
) United States Federal Code of Regulations
) 18 U.S.C. §2510, §2511, §2512, §2515
) Title III of Omnibus Crime Control and Safe
) Streets Act of 1968
) Title 42 U.S.C. §1983
)
)
)
) DEMAND FOR JURY TRIAL OF ALL ISSUES.
)
)
)
)
)
)
)
)
)

Complaint against Defendants - 1

———————————————————

Now comes plaintiff, Scott Lee Stern, and seeks to enforce the Laws of the United States and the Commonwealth of Massachusetts against the defendant(s) herein named, in declaration of the plaintiff's right as a wronged, injured and aggrieved person and citizen of the United States of American and the Commonwealth of Massachusetts caused by the named defendants, and, in declaration of the plaintiff's rights as a citizen of the United States of America, and a person of the Commonwealth of Massachusetts for the reasons and complaints herein set forth in this complaint, the plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1)      The defendant(s), herein named, did hereby knowingly, wantonly, recklessly purposefully and maliciously engage in, conspire to use the illegal wiretapped conversations between the plaintiff and plaintiff's three minor children, on various dates and times, of which the plaintiff had a free, clear and reasonable right to engage in conversations with his three minor children.

2)      The defendant(s) Mary Jane Stern, Gary Matteson, and Evan Ehmann, Licsw, without the plaintiff's knowledge and consent, did hereby record, transfer, and provide taped oral conversations between the plaintiff and his three minor children, for, and by each other, for purposes to violate plaintiff's Federal and State Constitutional Rights, Federal and State Laws, and Codes of Federal Regulation and Code of Massachusetts Regulations and to

further, humiliate, denigrate, demoralize and demean the plaintiff and
plaintiff's rightful legal, substantive and parental relationship with the
three minor children herein named.

3)      The defendant(s), in conspiracy with each other, have
egregiously, willfully and maliciously engaged in conduct which is in
violation of Massachusetts General Law Chapter 272 Section99; Massachusetts
General Law Chapter 265 Section 43A; Massachusetts General Law Chapter 274,
Section 2 and Section 7; Massachusetts General Law Chapter 12, Section 11H
and Section 11I; Massachusetts General Law Chapter 214 §1B; Title 18 U.S.C.
§2510, §2511, §2512 and §2515, Title III of the Omnibus Crime Control and
Safe Streets Act of 1968.

4)      Defendant Mary Jane Stern, by engaging in illegal wiretapping of
the plaintiff, without plaintiff's knowledge and consent, in conspiracy with
the defendant Gary Matteson and Evan Ehmann, Licsw, during dates and times
herein alleged, did knowingly violate plaintiff's rights accorded by
Massachusetts General Laws Chapter 272 §99 and did thereby violate the laws
of the Commonwealth of Massachusetts Chapter 272 §99 subsection C number 1;
subsection C number 3 part (a); subsection C number 3 part (b); subsection C
number 5; subsection C part 6 by Illegally Wiretapping and Eavesdropping
against the plaintiff alleged in this complaint.

5) Defendant Mary Jane Stern, by engaging in illegal wiretapping of the
plaintiff, without plaintiff's knowledge and consent, did hereby violate the
terms of the Judgment of Divorce Nisi by and between the plaintiff, as
ordered by the Hampshire Probate and Family Court on August 31, 1994 and the
Agreement of the Parties ordered on September 16, 1997.  This judgment of

Divorce Nisi is hereby annexed as exhibit "1" and the Agreement of the
Parties is hereby annexed as exhibit "2"

6) Defendant Mary Jane Stern, by engaging in illegal wiretapping of the
plaintiff, without plaintiff's consent and knowledge, over a period of time
herein alleged, in conspiracy with the defendant Gary Matteson, did hereby
violate plaintiff's Massachusetts constitutional rights Article I(CVI);
Article X; Article XIV.

7) Defendant Mary Jane Stern, by engaging in illegal wiretapping of the
plaintiff, without plaintiff's knowledge and consent, over a period of time
herein alleged, in conspiracy with the defendant Gary Matteson, did hereby
violate plaintiff's rights and hereby violated Massachusetts General Laws
Chapter 265 §43A Criminal Harassment.

8) Defendant Mary Jane Stern, by engaging in illegal wiretapping of the
plaintiff, without plaintiff's knowledge and consent, over a period of time
herein alleged, in conspiracy with the defendant Gary Matteson, did hereby
violate the laws of the Commonwealth of Massachusetts Chapter 265 section 7,
violation of Constitutional rights, against the plaintiff, alleged in this
complaint.

9) Defendant Gary Matteson, by engaging in illegal wiretapping of the
plaintiff, without plaintiff's knowledge and consent, over a period of time
herein alleged, in conspiracy with the defendant Mary Jane Stern, did hereby
violate plaintiff's rights under Massachusetts General Laws Chapter 265
Section 7, Constitutional rights, against the plaintiff, alleged in this
complaint.

10)    Defendant Gary Matteson, by engaging in illegal wiretapping of
the plaintiff, without plaintiff's consent and knowledge, over a period of

time herein alleged, in conspiracy with the defendant Mary Jane Stern, did

hereby violate plaintiff's Massachusetts constitutional rights Article

I(CVI); Article X; Article XIV.

11)    Defendant Gary Matteson, by engaging in illegal wiretapping of

the plaintiff, without plaintiff's consent and knowledge, over a period of

time herein alleged, in conspiracy with the defendant Mary Jane Stern, did

hereby violate Massachusetts General Law Chapter 272 §99 subsection C part 3

(a); subsection C part 3 (b); Subsection C, part 6 by Illegally Wiretapping

and Eavesdropping, against the plaintiff, herein named, alleged in this

complaint.

12)    Defendant Gary Matteson, by engaging in illegal wiretapping of

the plaintiff, in conspiracy with the defendant Mary Jane Stern, did hereby

violate plaintiff's Massachusetts Constitutional rights, violate the laws of

the Commonwealth of Massachusetts Chapter 265 §43A Criminal Harassment, by

conducting these illegal recordings for a period of eight months during the

year 2004 on and around April 8, 2004 and continuing until on or around

November 17th of 2004.

13)    Defendant Gary Matteson, by engaging in illegally wiretapping of

the plaintiff, in conspiracy with the defendant Mary Jane Stern, did hereby

violate the laws of the Commonwealth of Massachusetts Chapter 274 sections 2,

Conspiracy; Aiders, against the plaintiff, in this complaint.

14)    Defendant Gary Matteson, by engaging in illegally wiretapping of

the plaintiff, in conspiracy with the defendant Mary Jane Stern, did hereby

violate the laws of the Commonwealth of Massachusetts Chapter 265 section 37

Violation of Constitutional Rights, against the plaintiff, in this complaint.

15)    Defendant, Evan Ehmann, Licsw, utilized the illegally

wiretapped and recorded conversations between the plaintiff and the three minor children in a Report of the Guardian Ad Litem submitted to the Hampshire Probate and Family Court on November 29, 2004, in the matter of Stern v. Stern, Docket No. 90-D0490-D1.

16)    The defendant Evan Ehmann, Licsw, in conspiracy with the defendant(s) Mary Jane Stern and Gary Matteson, obtained, procured, received and reviewed audible conversations of the plaintiff; illegal tape recordings of conversations of the plaintiff and the three minor children; illegally wiretapped and recorded by the defendant(s)Mary Jane Stern and Gary Matteson, without the knowledge and consent of the plaintiff.

17)    The purpose of which was to violate plaintiff's constitutional rights by the defendant(s); to further inflict intentional emotional distress against the plaintiff; to defame, ridicule, demoralize and demean the plaintiff and plaintiff's legal, substantive and paternal right to the love and affection of the three minor children; to cause the plaintiff's three minor children to encourage and lose their individual respect, love and affection of their paternal father, by conducting activity of such an illegal nature and employing the children to conduct their secretive and surreptitious activities; to present illegally wiretapped and recorded conversations in a report for proceedings in the Hampshire Probate and Family Court regarding the conversations between the paternal father and three minor children without plaintiff's knowledge and consent.

18)    Defendant Mary Jane Stern overtly and blatantly allowed the three minor children unimpeded access to other court records and documents as noted in the Guardian Ad Litem's Report.  Such overtly negative and disparate treatment by the defendant was in violation of the order of impoundment by Judge Sean Dunphy of the Hampshire Probate and Family Court.

19) The defendant(s) engaged in this willful and malicious conduct for

a period of no less than eight (8) months, as much as three times a week, this produced a "chilling effect" of the conversations between the plaintiff and the three minor children; and the visitations between the non-custodial parent and three minor children greatly diminished; and currently the visitation has ceased.

20) Defendant Evan Ehmann is in violation of Massachusetts General Laws Chapter 272 §99 subsection C part 3 (a); subsection C part 3 (b), subsection C, part 6., aiders and abetters.

### RIGHT OF PLAINTIFF TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED IN ACCORDANCE WITH THE UNITED STATES CONSITUTION, UNITED STATES LAWS, CODE OF FEDERAL REGULATIONS, THE MASSACHUSETTS CONSTITUTION, MASSACHUSETTS GENERAL LAWS, AND CODE OF MASSACHUSETTS REGULATIONS

21)    Plaintiff, Scott Lee Stern, has brought this action to enforce the laws of the United States, violations by the defendant(s) against the plaintiff's Federal Constitutional Rights under 42 U.S.C. 1983 and Title III of the Omnibus Crime and Control Safe Streets Act of 1968 18 U.S.C. §2510, §2511, and §2515 et.seq.

22)    Plaintiff, Scott Lee Stern, has brought this action to enforce the laws of the Commonwealth of Massachusetts, violations by the defendant(s) against the plaintiff's State Constitutional Rights under Articles I (CVI), Article X, and Article XIV.

23)    Plaintiff, Scott Lee Stern, has brought this action to recover damages, punitive and compensatory, resulting from the egregious, negligent, willful and malicious acts and actions of the defendant(s) against the plaintiff and his three minor children.

24)    Plaintiff, Scott Lee Stern, has brought this action to enforce

his parental right to the care and custody of the three minor children arising out of the illegal activities of the defendant(s) in violation of plaintiff's rights and seeks recourse by this court of proper jurisdiction and venue. Plaintiff is natural born citizen of the United States and a resident of the Commonwealth of Massachusetts. This matter is before the court accordingly and this court has authorization under 42 U.S.C. §1983

## BACKGROUND INFORMATION

25)    Plaintiff, Scott Lee Stern, is an aggrieved person, has suffered the intentional infliction of emotional distress by the defendant Mary Jane Stern, her co-defendant's, by their acts and actions relating thereto from the illegally wiretapped conversations of the plaintiff and the three minor children. Plaintiff has lost time, affection and association with the three minor children by and because of the willful and malicious acts of the defendant(s) herein named.

26)    The plaintiff, Scott Lee Stern, is the defendant's former husband. The plaintiff, Scott Lee Stern, and defendant Mary Jane Stern, created three minor children in a failed marriage between 1988 and 1994.

27)    The plaintiff, Scott Lee Stern and defendant, Mary Jane Stern were married on May 6, 1988.

28)    The plaintiff, Scott Lee Stern and defendant, Mary Jane Stern were divorced on August 31, 1994 by Judgment of Divorce Nisi. The parties amended the Judgment of Divorce Nisi by an Agreement of the Parties on September 16, 1997 which incorporated the Judgment of Divorce Nisi of August 31, 1994.

Complaint against Defendants - 8

29)    The names of the three minor children are:  Jessica Leigh Stern

(DOB: 9-28-88); Amanda Keri Stern (DOB: 11-3-89); Caitlin Melanie Stern (DOB:

1-29-91).  The names of plaintiffs two other minor children that are

referenced in the Guardian Ad Litem report are Keira Naomi Stern (DOB: 10-28-

99) and Zachary Stern (DOB: 12-18-99).

## JURISDICTION AND VENUE

30)    This Court has subject matter jurisdiction of this action

pursuant to Massachusetts General Law Chapter 272 §99 and Massachusetts

General Law Chapter 265 §43A, and Massachusetts Rules of Civil Procedure Rule

1, Title III of the Omnibus Crime and Safe Streets Act of 1968, § 2520,

§2511, §2515 and Title 42 U.S.C. §1983

## LAWS OF THE COMMONWEALTH OF MASSACHUSETTS

31)    The General Laws of the Commonwealth of Massachusetts, Part IV,

Crimes, Punishments and Proceedings, Title I, Crimes and Punishments,

In Criminal cases do hereby state the following:

"CHAPTER 265. CRIMES AGAINST THE PERSON:  Section 43A Criminal

harassment; punishment:

Section 43A. (a) Whoever willfully and maliciously engages in a

knowing pattern of conduct or series of acts over a period of time

directed at a specific person, which seriously alarms that person and

would cause a reasonable person to suffer substantial emotional

distress, shall be guilty of the crime of criminal harassment and shall

be punished by imprisonment in a house of correction for not more than

two and one-half years or by a fine of not more than $1,000, or by both

such fine and imprisonment. Such conduct or acts described in this paragraph shall include, but not be limited to, conduct or acts conducted by mail or by use of a telephonic or telecommunication device including, but not limited to, electronic mail, internet communications or facsimile communications.

(b) Whoever, after having been convicted of the crime of criminal harassment, commits a second or subsequent such crime, or whoever commits the crime of criminal harassment having previously been convicted of a violation of section 43, shall be punished by imprisonment in a house of correction for not more than two and one-half years or by imprisonment in the state prison for not more than ten years.

32)    The General Laws of the Commonwealth of Massachusetts Chapter 272 §99 Illegal Wiretapping and Eavesdropping do hereby state the following:

"**CHAPTER 272**. CRIMES AGAINST CHASTITY, MORALITY, DECENCY AND GOOD ORDER

**Chapter 272: Section 99 Interception of wire and oral communications**

Section 99. Interception of wire and oral communications.--

A. Preamble.

The general court finds that organized crime exists within the commonwealth and that the increasing activities of organized crime constitute a grave danger to the public welfare and safety. Organized crime, as it exists in the commonwealth today, consists of a continuing conspiracy among highly

organized and disciplined groups to engage in supplying illegal goods and services. In supplying these goods and services organized crime commits unlawful acts and employs brutal and violent tactics. Organized crime is infiltrating legitimate business activities and depriving honest businessmen of the right to make a living.

The general court further finds that because organized crime carries on its activities through layers of insulation and behind a wall of secrecy, government has been unsuccessful in curtailing and eliminating it. Normal investigative procedures are not effective in the investigation of illegal acts committed by organized crime. Therefore, law enforcement officials must be permitted to use modern methods of electronic surveillance, under strict judicial supervision, when investigating these organized criminal activities.

The general court further finds that the uncontrolled development and unrestricted use of modern electronic surveillance devices pose grave dangers to the privacy of all citizens of the commonwealth. Therefore, the secret use of such devices by private individuals must be prohibited. The use of such devices by law enforcement officials must be conducted under strict judicial supervision and should be limited to the investigation of organized crime.

B. Definitions. As used in this section

1. The term ""wire communication'' means any communication made in whole or in part through the use of facilities for the transmission of communications by the aid of wire, cable, or other like connection between the point of origin and the point of reception.

2. The term ""oral communication'' means speech, except such speech as is transmitted over the public air waves by radio or other similar device.

3. The term ""intercepting device'' means any device or apparatus which is capable of transmitting, receiving, amplifying, or recording a wire or oral communication other than a hearing aid or similar device which is being used to correct subnormal hearing to normal and other than any telephone or telegraph instrument, equipment, facility, or a component thereof, (a) furnished to a subscriber or user by a communications common carrier in the ordinary course of its business under its tariff and being used by the subscriber or user in the ordinary course of its business; or (b) being used by a communications common carrier in the ordinary course of its business.

4. The term ""interception'' means to secretly hear, secretly record, or aid another to secretly hear or secretly record the contents of any wire or oral communication through the use of any intercepting device by any person other than a person given prior authority by all parties to such communication; provided that it shall not constitute an interception for an investigative or law enforcement officer, as defined in this section, to record or transmit a wire or oral communication if the officer is a party to such communication or has been given prior authorization to record or transmit the communication by such a party and if recorded or transmitted in the course of an investigation of a designated offense as defined herein.

5. The term ""contents'', when used with respect to any wire or oral communication, means any information concerning the identity of the parties to such communication or the existence, contents, substance, purport, or meaning of that communication.

6. The term ""aggrieved person'' means any individual who was a party to an intercepted wire or oral communication or who was named in the warrant authorizing the interception, or who would otherwise have standing to

complain that his personal or property interest or privacy was invaded in the course of an interception.

7. The term ""designated offense'' shall include the following offenses in connection with organized crime as defined in the preamble: arson, assault and battery with a dangerous weapon, extortion, bribery, burglary, embezzlement, forgery, gaming in violation of section seventeen of chapter two hundred and seventy-one of the general laws, intimidation of a witness or juror, kidnapping, larceny, lending of money or things of value in violation of the general laws, mayhem, murder, any offense involving the possession or sale of a narcotic or harmful drug, perjury, prostitution, robbery, subornation of perjury, any violation of this section, being an accessory to any of the foregoing offenses and conspiracy or attempt or solicitation to commit any of the foregoing offenses.

8. The term ""investigative or law enforcement officer'' means any officer of the United States, a state or a political subdivision of a state, who is empowered by law to conduct investigations of, or to make arrests for, the designated offenses, and any attorney authorized by law to participate in the prosecution of such offenses.

9. The term ""judge of competent jurisdiction'' means any justice of the superior court of the commonwealth.

10. The term ""chief justice'' means the chief justice of the superior court of the commonwealth.

11. The term ""issuing judge'' means any justice of the superior court who shall issue a warrant as provided herein or in the event of his disability or unavailability any other judge of competent jurisdiction designated by the chief justice.

12. The term ""communication common carrier'' means any person engaged as a common carrier in providing or operating wire communication facilities.

13. The term ""person'' means any individual, partnership, association, joint stock company, trust, or corporation, whether or not any of the foregoing is an officer, agent or employee of the United States, a state, or a political subdivision of a state.

14. The terms ""sworn'' or ""under oath'' as they appear in this section shall mean an oath or affirmation or a statement subscribed to under the pains and penalties of perjury.

C. Offenses.

1. Interception, oral communications prohibited.

Except as otherwise specifically provided in this section any person who:

willfully commits an interception, attempts to commit an interception, or procures any other person to commit an interception or to attempt to commit an interception of any wire or oral communication shall be fined not more than ten thousand dollars, or imprisoned in the state prison for not more than five years, or imprisoned in a jail or house of correction for not more than two and one half years, or both so fined and given one such imprisonment.

Proof of the installation of any intercepting device by any person under circumstances evincing intent to commit an interception, which is not authorized or permitted by this section, shall be prima facie evidence of a violation of this subparagraph.

2. Editing of tape recordings in judicial proceeding prohibited.

Except as otherwise specifically provided in this section any person who willfully edits, alters or tampers with any tape, transcription or recording of oral or wire communications by any means, or attempts to edit, alter or tamper with any tape, transcription or recording of oral or wire communications by any means with the intent to present in any judicial proceeding or proceeding under oath, or who presents such recording or permits such recording to be presented in any judicial proceeding or proceeding under oath, without fully indicating the nature of the changes made in the original state of the recording, shall be fined not more than ten thousand dollars or imprisoned in the state prison for not more than five years or imprisoned in a jail or house of correction for not more than two years or both so fined and given one such imprisonment.

3. Disclosure or use of wire or oral communications prohibited.

Except as otherwise specifically provided in this section any person who--

a. willfully discloses or attempts to disclose to any person the contents of any wire or oral communication, knowing that the information was obtained through interception; or

b. willfully uses or attempts to use the contents of any wire or oral communication, knowing that the information was obtained through interception, shall be guilty of a misdemeanor punishable by imprisonment in a jail or a house of correction for not more than two years or by a fine of not more than five thousand dollars or both.

4. Disclosure of contents of applications, warrants, renewals, and returns prohibited.

Except as otherwise specifically provided in this section any person who--

willfully discloses to any person, any information concerning or contained in, the application for, the granting or denial of orders for interception, renewals, notice or return on an ex parte order granted pursuant to this section, or the contents of any document, tape, or recording kept in accordance with paragraph N, shall be guilty of a misdemeanor punishable by imprisonment in a jail or a house of correction for not more than two years or by a fine of not more than five thousand dollars or both.

5. Possession of interception devices prohibited.

A person who possesses any intercepting device under circumstances evincing an intent to commit an interception not permitted or authorized by this section, or a person who permits an intercepting device to be used or employed for an interception not permitted or authorized by this section, or a person who possesses an intercepting device knowing that the same is intended to be used to commit an interception not permitted or authorized by this section, shall be guilty of a misdemeanor punishable by imprisonment in a jail or house of correction for not more than two years or by a fine of not more than five thousand dollars or both.

The installation of any such intercepting device by such person or with his permission or at his direction shall be prima facie evidence of possession as required by this subparagraph.

6. Any person who permits or on behalf of any other person commits or attempts to commit, or any person who participates in a conspiracy to commit or to attempt to commit, or any accessory to a person who commits a violation of subparagraphs 1 through 5 of paragraph C of this section shall be punished in the same manner as is provided for the respective offenses as described in subparagraphs 1 through 5 of paragraph C.

33) The laws of the Commonwealth of Massachusetts, Chapter 274 does hereby state the following:

"**CHAPTER 274.** FELONIES, ACCESSORIES AND ATTEMPTS TO COMMIT CRIMES

### Chapter 274: Section 1 Felonies and misdemeanors

Section 1. A crime punishable by death or imprisonment in the state prison is a felony. All other crimes are misdemeanors.

### Chapter 274: Section 2 Aiders; accessories before fact; punishment

Section 2. Whoever aids in the commission of a felony, or is accessory thereto before the fact by counseling, hiring or otherwise procuring such felony to be committed, shall be punished in the manner provided for the punishment of the principal felon.

**CHAPTER 274.** FELONIES, ACCESSORIES AND ATTEMPTS TO COMMIT CRIMES

### Chapter 274: Section 7 Conspiracy; penalties

Section 7. Any person who commits the crime of conspiracy shall be punished as follows:

First, if the purpose of the conspiracy or any of the means for achieving the purpose of the conspiracy is a felony punishable by death or imprisonment for life, by a fine of not more than ten thousand dollars or by imprisonment in the state prison for not more than twenty

years or in jail for not more than two and one half years, or by both such fine and imprisonment.

Second, if clause first does not apply and the purpose of the conspiracy or any of the means for achieving the purpose of the conspiracy is a felony punishable by imprisonment in the state prison for a maximum period exceeding ten years, by a fine of not more than ten thousand dollars or by imprisonment in the state prison for not more than ten years or in jail for not more than two and one half years, or by both such fine and imprisonment.

Third, if clauses first and second do not apply and the purpose of the conspiracy or any of the means for achieving the purpose of the conspiracy is a felony punishable by imprisonment in the state prison for not more than ten years, by a fine of not more than five thousand dollars or by imprisonment in the state prison for not more than five years or in jail for not more than two and one half years, or by both.

34)   The laws of the Commonwealth of Massachusetts, Chapter 265, section 37 does hereby state the following:

**CHAPTER 265: Section 37 Violations of constitutional rights; punishment** Section 37:

No person, whether or not acting under color of law, shall by force or threat of force, willfully injure, intimidate or interfere with, or attempt to injure, intimidate or interfere with, or oppress or threaten any other person in the free exercise or enjoyment of any

right or privilege secured to him by the constitution or laws of the commonwealth or by the constitution or laws of the United States. Any person convicted of violating this provision shall be fined not more than one thousand dollars or imprisoned not more than one year or both; and if bodily injury results, shall be punished by a fine of not more than ten thousand dollars or by imprisonment for not more than ten years, or both.

35)    The laws of the Commonwealth of Massachusetts, Chapter 214, §1B, do hereby state:

"A person shall have a right against unreasonable, substantial or serious interference with his privacy.   The Superior Court shall have jurisdiction in equity to enforce such right and in connection therewith to award damages."

## ARTICLES OF THE MASSACHUSETTS CONSTITUTION

36)    Article I(CVI) of the Constitution of Massachusetts does hereby state the following:

> "All men are borne free and equal, and have certain natural, essential and unalienable rights; among which may be reckoned the right of enjoying and defending their lives and liberties; that of acquiring, possessing, and protecting property; in fine, that of seeking and obtaining their safety and happiness.  Equality under the law shall not be denied or abridged because of sex, race, color, creed or national origin.

37)    Article X of the Constitution of the Commonwealth of

Complaint against Defendants - 19

Massachusetts does hereby state the following, in part:

"Each individual or the society has a right to be protected

in the enjoyment of his life, liberty, and property, according to

standing laws."

38)    Article XIV of the Constitution of the Commonwealth of

Massachusetts does hereby state the following, in part:

"Every subject has a right to be secure from all

unreasonable searches, and seizures, of his person, his houses,

his papers, and all his possessions"

## LEGAL DEFINITIONS

39)    The legal definition of the term "Beyond a reasonable doubt"

according to Black's Law Dictionary, 5th Ed., is defined as:

"In evidence means fully satisfied, entirely convinced, satisfied to a

moral certainty; and phrase is equivalent of the words clear, precise and

indubitable.  In criminal case, the accuser's guilt must be established

"beyond a reasonable doubt," which means that facts proven must, by virtue of

their probative force, establish guilt."

40)    The legal definition of the term "preponderance of the evidence"

according to Black's Law Dictionary, 5th Ed., is defined as:

"Evidence which is of greater weight or more convincing than the

evidence which is offered in opposition to it; that is, evidence which as a

whole shows that the fact sought to be proved is more probable than not.

(Braud v. Kinchen, La. App, 310 So.2d 657, 659)  The word "preponderance"

means something more than weight, or outweighing.  That amount of evidence

necessary for the plaintiff to win in a civil case.  It is that degree of

proof which is more probable than not.

Complaint against Defendants - 20

41)    The legal definition of the term "illegal" according to Black's Law Dictionary, 5th Ed., is defined as:

"Against or not authorized by law."

42)    The legal definition of the term "Eavesdropping" according to Black's Law Dictionary, 5th Ed., is defined as:

"Eavesdropping is knowingly and without lawful authority: (a) Entering into a private place with intent to listen surreptitiously to private conversations or to observe the personal conduct of any other person or persons therein; or(b) Installing or using outside a private place any device for hearing, recording, amplifying, or broadcasting sounds originating in such place, which sounds would not ordinarily be audible or comprehensible outside, without the consent of the person or persons entitle to privacy therein; or (c) Installing or using any device or equipment for the interception of any telephone, telegraph or other wire communication without the consent of the person in possession or control of the facilities for such wire communication.  Such activities are regulated by state and federal statutes, and commonly require a court order.

43)    The legal definition of the term, "ultra vires" as defined by Black's Law Dictionary, 7th Edition, is:
"Unauthorized; beyond scope of power allowed or granted by a corporate charter or by law."

44)    The plaintiff in this action, Scott Lee Stern, is an "aggrieved person" having had his oral communications intercepted by the defendants, having had his oral communications amplified by sound recording equipment by the defendants; having had such oral communications which would not ordinarily be audible or comprehensible to any individual outside of the

privy conversations, without plaintiff's knowledge and consent; having had
such oral communications illegally intercepted by the defendants against said
plaintiff, has standing to complain that his personal interests, property
interests and privacy were thereby invaded in the course of an interception
by the "ultra-vires" actions of the defendant(s).

## FACTUAL BACKGROUND

45)    Defendant Mary Jane Stern moved to the domicile of Gary Matteson,
at 404 Brattleboro Road, Bernardston, Massachusetts, with the three minor
children, on or about December of the year 2004 and is currently residing at
this address at this time.

46)    Defendant Gary Matteson is owner of said property located at 404
Brattleboro Road, Bernardston, Massachusetts and has resided at this address
at least since the date the defendant Mary Jane Stern, moved herself, and the
three minor children into the same residence.

47) Defendant Mary Jane Stern was obligated by Judgment of Divorce Nisi
ordered by the Hampshire Probate and Family Court, on August 31, 1994,  and
amended by the Agreement of the Parties on September 16, 1997 (Dunphy, Sean;
Chief Justice of the Probate and Family Court), to inform plaintiff of any
change of address of the three minor children, two weeks prior to any
intended move.  The defendant, Mary Jane Stern, failed to provide plaintiff
with any legal or written notification of such intention to move, prior to
the action of moving the three minor children, and was therefore in violation
of the Judgment of Divorce Nisi and is in Contempt of Court of the Hampshire
Probate and Family Court.

48) Defendant Mary Jane Stern agreed by Judgment of Divorce Nisi
Complaint against Defendants - 22

to speak privately with the three minor children, and conversations of the plaintiff and the three minor children, by dialing 413-648-9003, the telephone call were illegally wiretapped by the defendant(s), without the knowledge and consent of the plaintiff, and were without the legal issuance of a warrant by any court or judge to conduct said "ultra vires" activities.

58)   On or about November 4, 2004 the plaintiff engaged in a conversation with the three minor children, from his residence, placing the call to the residence of the defendant(s), Mary Jane Stern and Gary Matteson, to speak privately with the three minor children, and conversations of the plaintiff and the three minor children, by dialing 413-648-9003, the telephone calls were illegally wiretapped by the defendant(s), without the knowledge and consent of the plaintiff, and were without the legal issuance of a warrant by any court or judge to conduct said "ultra vires" activities.

59)   The plaintiff, repeatedly over the course of eight (8) months, at various dates and times, questioned the three minor children and the legitimacy of  beeping sounds that both the plaintiff and the three minor children were subjected to.

60)   Respectfully, the plaintiff believed the three minor children's responses, being the fact that they would have no reason to deceive or falsify information against their parent, the plaintiff, and that the sound was not of an illegal nature.  During these same eight (8) months, the three minor children, individually, had informed the plaintiff that this sound was "not a recording device" but was the sound of the "cordless phone" and the "cordless phones' "loss of battery power".

61)   The plaintiff, upon calling the three minor children at the residence of the defendants, on or about November 16, 2004 at the number 413-
Complaint against Defendants - 25

648-9003, having asked the minor child Amanda what the consistently timed beep sound was, and informing said minor child, that if this sound was the sound of a recording device, then such conduct was "illegal" The minor child Amanda responded, in the affirmative, that upon the plaintiff making this statement, the minor child responded, "I don't want to be put in the middle of it". Said statement by this minor child alarmed the plaintiff and confirmed the possibility that the three minor children had been instructed to deceive the plaintiff, their father, by the defendant(s), in a willful and malicious action of illegally wiretapping conversations by and between the plaintiff and the three minor children without his knowledge and consent, over a period of time, not less than eight months during court allowed telephone contact with the three minor children.

62)   On November 17, 2004 the plaintiff, telephoned the three minor children at approximately 8:00 pm, a time that was the usual and customary time to telephone the three minor children, to the residence of Gary Matteson, the defendant and engaged in a conversation with one of the three minor children. Plaintiff heard an audible beeping sound during the conversation. At which time the plaintiff asked the minor child what this sound was from and the minor child stated "If you can hear the beeping then you know you are being recorded" upon hearing this statement, the plaintiff became greatly distressed, and was alarmed by his fourteen year old employing such a statement. These minor children, had, over various dates and times, and on different and numerous occasions, purported to inform their parent, this plaintiff, that the audible sound was nothing more than a "cordless phone battery growing weak", and was instructed by the defendants to deceive this plaintiff regarding the "audible beeping sound" over a period of time.

Complaint against Defendants - 26

The other two minor children also corroborated this reasoning for this "audible beeping" sound. Whereupon when the plaintiff received the egregious response from and by his minor child, regarding, "if you hearing the sound then you know that the call is being recorded", after being informed over many months, that such conduct by the defendant Mary Jane Stern and Gary Matteson, was not being conducted by the three minor children, plaintiff requested this minor child to disconnect the call and to allow the plaintiff to continue the conversation in a few minutes. The handwritten notes of these conversations between the minor children, and the plaintiff, are hereby annexed to this complaint as exhibit "3".

63) On November 17, 2004, the plaintiff proceeded to the North Adams Police Department to engage and continue the conversation with the minor child. In order to do such, plaintiff engaged in a brief explanation and overview of the situation with the officer in charge, Sergeant James M. Burdick of the North Adams Police Department, and was allowed to telephone the minor child at the residence of the defendant(s), Mary Jane Stern and Gary Matteson, at 404 Brattleboro Road, Bernardston, Massachusetts, at the number 413-648-9003, having previously received a response by one of the three minor children that the minor child would re-engage in the conversation with the plaintiff. The plaintiff telephoned the minor child from the dispatch center on console "APU 1". While the plaintiff engaged in a brief conversation with this minor child, the plaintiff allowed the conversation to be placed on a speaker phone in order for the clearly consistent and audible beeping sound that the plaintiff had been hearing these past months, could be detected and heard by an officer of the North Adams Police Department. The officer that heard these clear and consistent audible beeping sounds is

Sergeant James M. Burdick.  The North Adams Police Department report, under Criminal Complaint 04-1778-OF, is hereby annexed and attached to this complaint as exhibit "4".

64)  According to Sgt. James M. Burdick of the North Adams Police Department, issued in Criminal Complaint 04-1778-OF, against the Defendant Mary Jane Stern and the defendant Gary Matteson, "a beeping noise could clearly be heard in the call" and "This beeping sound is not on the phone line".

65)  Sergeant James Burdick of the North Adams Police Department further stated in Criminal Complaint 04-1778-OF, that the plaintiff was "advised that there would be a police report on file and a copy of the phone tape could be obtained for court"

66)  The phone number that the plaintiff called, according to this Criminal Complaint 04-1778-OF, is that of the defendant, Gary Matteson, and is listed to the defendant at the residence of 404 Brattleboro Road, Bernardston, Massachusetts 01337.

67)  On or about November 23, 2004, the plaintiff mailed a letter to the defendant demanding that the defendant cease and desist the illegal recording of conversations with the plaintiff and the three minor children. The plaintiff notified the defendant, Mary Jane Stern, that the plaintiff would be filing charges regarding this illegal activity of wiretapping and eavesdropping.  After this letter was mailed, postage prepaid, certified, the consistently audible beeping sound stopped during conversations with the plaintiff and the three minor children.

68) On or about November 29, 2004, the Guardian Ad Litem, Evan Ehmann, Licsw filed his report regarding investigations of the plaintiff and the
Complaint against Defendants - 28

defendant in a separate action between the plaintiff, Scott Lee Stern, and the defendant, Mary Jane Stern, in the Hampshire Probate and Family Court, under Docket number 90-D0490-D1, and did thereby corroborate the fact that the defendants herein named had engaged in the willful and malicious activity of illegally wiretapping and eavesdropping the plaintiff and his three minor children, on more than one occasion, and did so corroborate the fact that the defendant, Mary Jane Stern, did thereby provide these recordings to the Guardian Ad Litem Evan Ehmann, Licsw, which were subsequently submitted in the Guardian Ad Litem report to the Hampshire Probate and Family Court.

69)  Plaintiff has motioned the Hampshire Probate and Family court, to allow the excerpts that are applicable to this cause of action to be allowed to be copied and provided to this court and the Northwestern District Attorney or Berkshire District Attorney's Office for appropriate prosecution in this matter.  Plaintiff respectfully prays this court will allow this future exhibit, herein named, as "Excerpt of the Report of the Guardian Ad Litem, Evan Ehmann, Licsw, to be attached and annexed as exhibit "5" at some later date on or around April 20, 2005. Plaintiff and defendant are, at this time, under court order, to not photocopy or disclose the actual specific contents of the report to any third party unless ordered and allowed by the Honorable Judge Geoffrey Wilson or another justice if the Honorable Judge Geoffrey Wilson is not available.  This matter is before the Hampshire Probate and Family Court on March 16, 2004.

70)  On or about November 29, 2004 the Guardian Ad Litem, Evan Ehmann, Licsw, filed a report, so ordered by the Hampshire Probate and Family Court, Judge Geoffrey Wilson presiding, regarding investigations about the plaintiff and the defendant in a separate action between the plaintiff, Scott Lee

Stern, and the defendant Mary Jane Stern, under Hampshire Probate and Family Court Docket number 90-D0490-D1, and the Guardian Ad Litem did thereby corroborate the fact that the defendant(s) did provide, to him, recorded conversations, illegally wiretapped, of the plaintiff and the three minor children.

71) This recording of a tape of illegally wiretapped conversations of the plaintiff and the three minor children occurred at the residence of Gary Matteson, 404 Brattleboro Road, Bernardston, Massachusetts 01337.  Plaintiff respectfully moves this court to allow this future exhibit, herein named, "Excerpt of the Report of the Guardian Ad Litem" by the Guardian Ad Litem, Evan Ehmann, Licsw, is referenced within this count and has been annexed as exhibit "5" of this complaint.

72)  This referenced illegally wiretapped conversations of the plaintiff and the three minor children was hand delivered to the defendant Evan Ehmann, by the defendant Mary Jane Stern, at the residence of Gary Matteson, 404 Brattleboro Road, Bernardston, Massachusetts 01337.

73)  On November 18, 2004, I, Scott Lee Stern, did hereby submit an affidavit regarding conversations illegally wiretapped and recorded by the defendant and the defendant's partner on November 18th, 2004 to the Hampshire Probate and Family Court under Docket Number 90-D0490-D1, annexed and attached to this complaint as exhibit "6".

**AS AND FOR A FIRST CAUSE OF ACTION
AGAINST DEFENDANT MARY JANE STERN**
Violation of Massachusetts General Law Chapter 272 §99
(Illegal Wiretapping)

74) Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 through 73 as if set forth fully herein.

75) Defendants repeatedly, and in violation of the Laws of the Commonwealth of Massachusetts did violate the rights of the plaintiff, on various dates and times, and did thereby blatantly, willfully and maliciously illegally wiretap and eavesdrop the conversations of the plaintiff and his three minor children.

76) At any time, prior to, during, or after these illegally wiretapped and eavesdropped conversations, did the plaintiff waive, by verbal or written consent, either directly or indirectly, his knowledge and consent to the defendant Mary Jane Stern to engage in recording of conversations of the plaintiff with the three minor children. Plaintiff did not grant defendant the right to engage and conduct said recording(s), on multiple occasions, on various dates and times, of conversations with the plaintiff and the three minor children, in violation of plaintiff's rights accorded by the United States Constitution and laws, and the Massachusetts Constitution and laws.

77) As a result of the defendant, Mary Jane Stern's violation of the laws of the United States and the laws of the Commonwealth of Massachusetts, the plaintiff, has suffered great emotional and psychological harm for which the plaintiff is entitled to recover for his injuries.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST DEFENDANT GARY MATTESON
### Violation of Massachusetts General Law Chapter 272 §99
### (Illegal Wiretapping)

78) Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 through 77 as if set forth fully herein.

79) Defendants repeatedly violated the rights of the plaintiff, on various dates and times, and did hereby blatantly, willfully and maliciously illegally wiretap and eavesdrop the conversations of the plaintiff and his three minor children.

80) At any time, prior to, during, or after these illegally wiretapped and eavesdropped conversations did the plaintiff waive, by verbal or written consent, directly or indirectly, his knowledge and consent to the defendant Gary Matteson, to engage in recording of conversations of the plaintiff with the three minor children. Plaintiff did not grant defendant the right to engage and conduct said recording(s), on multiple occasions, on various dates and times, of conversations with the plaintiff and the three minor children, in violation of plaintiff's rights accorded by the United States Constitution and laws, and the Massachusetts Constitution and laws.

81) As a result of the defendant, Gary Matteson's violation of the laws of the United States and the laws of the Commonwealth of Massachusetts, the plaintiff, has suffered great emotional and psychological harm for which the plaintiff is entitled to recover.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST DEFENDANT EVAN EHMANN, Licsw
### Violation of Massachusetts General Law Chapter 272 §99
### (Illegal Wiretapping)

82) Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 through 81 as if set forth fully herein.

83) Defendant Evan Ehmann, violated the rights of the plaintiff, on separate occasions, and did thereby blatantly, willfully and maliciously illegally conspire to aid and abet the defendant(s) Mary Jane Stern and Gary

Matteson with the illegal wiretapping and eavesdropping of the plaintiff and the three minor children.

84) At any time, prior to, during, or after these illegally wiretapped and eavesdropped conversations did the plaintiff waive, by verbal or written consent, directly or indirectly, his knowledge and consent to the defendant Evan Ehmann, Licsw, to engage in recording of conversations of the plaintiff with the three minor children. Plaintiff did not grant defendant the right to engage and conduct said recording(s), on multiple occasions, on various dates and times, of conversations with the plaintiff and the three minor children, in violation of plaintiff's rights accorded by the United States Constitution and laws, and the Massachusetts Constitution and laws.

85) As a result of the defendant, Evan Ehmann's violation of the laws of the United States and the laws of the Commonwealth of Massachusetts, the plaintiff, has suffered great emotional and psychological harm for which the plaintiff is entitled to recover.

### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST DEFENDANT MARY JANE STERN
#### (Breach of Contract)

86) Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 through 85 as if set forth fully herein.

87) As a result of defendant Mary Jane Stern's illegal wiretapping and eavesdropping of the plaintiff, the defendant knowingly violated the Judgment of Divorce Nisi, and the Agreement of the Parties entered into by the defendant and the plaintiff, inter alia, that the defendant would not violate the "personal liberties" of the plaintiff.

Complaint against Defendants - 33

88) As a result of defendants breach of the contract divorcing the plaintiff and defendant, from their marital agreement, the plaintiff, Scott Lee Stern, has been injured, and is entitled to recovery for this injury.

### AS AND FOR A FIFTH CAUSE OF ACTION
### AGAINST DEFENDANT MARY JANE STERN
### (Criminal Harassment)

89) Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 through 88 as if set forth fully herein.

90) As a result of defendant Mary Jane Stern's illegal wiretapping and eavesdropping of the plaintiff, on numerous and separate occasions, the defendant did thereby conduct activity that was willful and malicious; engaged in a knowing pattern or conduct or series of acts over a period of time directed at a specific person, the plaintiff, Scott Lee Stern;

91) Such willful and malicious acts by the defendant, Mary Jane Stern, did thereby seriously alarm the plaintiff and did hereby cause the plaintiff, a reasonable person, to suffer emotional distress;

92) As a result of defendant Mary Jane Stern's repeated acts of illegally wiretapping and eavesdropping the plaintiff, the defendant has violated Massachusetts General Law Chapter 265 Section 43A, the plaintiff has been injured, and the plaintiff is entitled to recover for this injury.

### AS AND FOR A SIXTH CAUSE OF ACTION
### AGAINST DEFENDANT GARY MATTESON
### (Criminal Harassment)

93) Plaintiff hereby repeat and reallege the allegations contained in paragraphs 1 through 92 as if set forth fully herein.

Complaint against Defendants - 34

94) As a result of defendant Gary Matteson's illegal wiretapping and eavesdropping of the plaintiff, on numerous and separate occasions, the defendant did thereby conduct activity that was willful and malicious; engaged in a knowing pattern or conduct or series of acts over a period of time directed at a specific person, the plaintiff, Scott Lee Stern;

95) Such willful and malicious acts, by the defendant Gary Matteson, did thereby seriously alarm the plaintiff and did hereby cause the plaintiff, a reasonable person, to suffer emotional distress;

96) As a result of defendant Gary Matteson repeated acts of illegally wiretapping and eavesdropping the plaintiff, with the co-defendant Mary Jane Stern, the defendant has violated Massachusetts General Law Chapter 265 Section 43A did thereby injure the plaintiff and the plaintiff is entitled to recover for this injury.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## AGAINST DEFENDANT MARY JANE STERN
(Alienation of Affections)

97) Plaintiff hereby repeat and reallege the allegations contained in paragraphs 1 through 96 as if set forth fully herein.

98) By the willful and malicious act of illegally wiretapping and eavesdropping the plaintiff's conversations with his three minor children, the defendant, Mary Jane Stern, did thereby engage in a pattern of activity to alienate the affections of the three minor children from the plaintiff.

99) By the willful and malicious act of illegally wiretapping and eavesdropping the plaintiff's conversations with his three minor children, the defendant, Mary Jane Stern, violated plaintiff's substantive, paternal and legal relationship accorded by the Commonwealth of Massachusetts, under Article I (CVI), Article X, and Article XIV with his three minor children.

100) As a result of the willful and malicious act of illegally wiretapping and eavesdropping the plaintiff's conversations with his three minor children, the children have become, since this illegal activity began, more aloof, more distant, more recalcitrant, and more disrespectful of the plaintiff, and their affections with the plaintiff, and have not participated in visitations with their father, the plaintiff, much less than normal children of their age group, after these egregious, willful, harmful and malicious illegal activities by the defendant(s) herein named.

101) As a result of defendant Mary Jane Stern's willful and malicious act of illegally wiretapping and eavesdropping the plaintiff and his three minor children, the defendant Mary Jane Stern has conspired with the defendant Gary Matteson to alienate the affections of the three minor children from the plaintiff. The plaintiff has been injured and is entitled to recovery for this injury.

### AS AND FOR A EIGHTH CAUSE OF ACTION AGAINST DEFENDANT GARY MATTESON
#### (Alienation of Affections)

102) Plaintiff hereby repeat and re-alleges the allegations contained in paragraphs 1 through 101 as if set forth fully herein.

103) By the willful and malicious act of illegally wiretapping and eavesdropping the plaintiff's conversations with his three minor children, the defendant, Gary Matteson, did thereby engage in a pattern of activity to alienate the affections of the three minor children from the plaintiff.

104) By the willful and malicious act of illegally wiretapping and eavesdropping the plaintiff's conversations with his three minor children, the defendant, Gary Matteson, violated plaintiff's substantive, paternal and legal relationship accorded by the Commonwealth of Massachusetts, under Article I (CVI), Article X, and Article XIV with his three minor children.

105) As a result of the willful and malicious act of illegally wiretapping and eavesdropping the plaintiff's conversations with his three minor children, the children have become, since this illegal activity began, more aloof, more distant, more recalcitrant, and more disrespectful of the plaintiff, and their affections with the plaintiff, and have not participated in visitations with their father, the plaintiff, much less than normal children of their age group, after these egregious, willful, harmful and malicious illegal activities by the defendant(s) herein named.

106) As a result of defendant Gary Matteson's willful and malicious act of illegally wiretapping and eavesdropping the plaintiff and his three minor children, the defendant Gary Matteson has conspired with the defendant Mary Jane Stern to alienate the affections of the three minor children from the plaintiff. The plaintiff has been injured and is entitled to recovery for this injury.

## AS AND FOR A NINTH CAUSE OF ACTION
## AGAINST DEFENDANT MARY JANE STERN
### (Negligent Intentional Infliction of Emotional Distress)
### (Irreparable Harm)

107) Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 through 106 as if set forth fully herein.

108) As a result of defendant's Mary Jane Stern's negligent, willful and malicious act of illegally wiretapping the conversations of the plaintiff and the three minor children, the plaintiff has suffered intentional emotional distress and irreparable harm by the defendant(s).

109) As a result of the defendant(s) negligent, willful and malicious acts and actions of illegally wiretapping and eavesdropping the plaintiff's conversations with the three minor children, the plaintiff has been injured and is entitled to recovery for this injury.

### AS AND FOR A TENTH CAUSE OF ACTION
### AGAINST DEFENDANT GARY MATTESON
#### (Negligent Intentional Infliction of Emotional Distress)
#### (Irreparable Harm)

110) Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 through 109 as if set forth fully herein.

111) As a result of defendant's Gary Matteson's negligent, willful and malicious act of illegally wiretapping the conversations of the plaintiff and the three minor children, the plaintiff has suffered intentional emotional distress and irreparable harm by the defendant(s).

112) As a result of the defendant(s) negligent, willful and malicious acts and actions of illegally wiretapping and eavesdropping the plaintiff's conversations with the three minor children, the plaintiff has been injured and is entitled to recovery for this injury.

### AS AND FOR A ELEVENTH CAUSE OF ACTION
### AGAINST DEFENDANT MARY JANE STERN
#### (Violation of Plaintiff's Federal Constitutional Rights)
#### (Fourth Amendment-Unreasonable Search and Seizure)

113) Plaintiff hereby repeats and realleges the allegations contained in paragraphs 1 through 112 as if set forth fully herein.

114) By the action of illegally wiretapping and recording the conversations of the plaintiff and the three minor children, without plaintiff's knowledge and consent, the defendant, Mary Jane Stern, did thereby violate plaintiff's Federal constitutional right accorded all citizens of the United States to be free from unreasonable search and seizure of his person and property.

115) As a result of illegally wiretapping and recording the conversations of the plaintiff and the three minor children, the defendant did thereby injure the plaintiff, his right to be free from unreasonable search and seizure of his property, his voice, and the plaintiff is entitled to recover for said injury.

Complaint against Defendants - 38

## AS AND FOR A TWELFTH CAUSE OF ACTION
### AGAINST DEFENDANT GARY MATTESON
#### (Federal Constitutional Rights)
#### (Fourth Amendment-Unreasonable Search and Seizure)

116) Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 through 115 as if set forth fully herein.

117) By the action of illegally wiretapping and recording the conversations of the plaintiff and the three minor children, without plaintiff's knowledge and consent, the defendant Gary Matteson, did thereby violate plaintiff's Federal constitutional rights accorded all citizens of the United States to be free from unreasonable search and seizure of his person and property.

118) By the action of providing a telephone service, for the co-defendant, and allowed the co-defendant, Mary Jane Stern, to engage in the act of illegally wiretapping said telephone service, in order to illegally wiretap the conversations of the plaintiff and the three minor children, without authorization of law, without the plaintiff's knowledge and consent, the defendant, Gary Matteson, did thereby violate plaintiff's Federal constitutional right to be free from unreasonable search and seizure of his person and property.

119) As a result of illegally wiretapping and recording the conversations between the plaintiff and the three minor children, the defendant did thereby injure the plaintiff, his right to be free from unreasonable search and seizure of his property, and the plaintiff is entitled to recover for said injury.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### AGAINST THE DEFENDANT MARY JANE STERN
#### (Federal Constitutional Right)
#### (Invasion of Privacy)

120)    Plaintiff hereby repeats and re-alleges the allegations in Paragraphs 1 through 119 as if set forth fully herein.

Complaint against Defendants - 39

121)    By the action of illegally wiretapping the plaintiff's conversations with the three minor children, the defendant, Mary Jane Stern, did thereby violate plaintiff's federal constitutional right to privacy to his person and property.

122)    As a result of illegally wiretapping and recording of the conversations between the plaintiff and the three minor children, the defendant did thereby injure the plaintiff, his constitutional right to privacy, the defendant did thereby injure the plaintiff, and the plaintiff is entitled to recover for said injury.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
### AGAINST DEFENDANT EVAN EHMANN
### (Violation of Massachusetts General Law Chapter 272 §99)
### (Illegal Wiretapping; Aiders; Accessories before fact)

123)    Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 through 122 as if set forth fully herein.

124)    By the act and action of receiving, transporting, and listening to illegally wiretapped conversations between the plaintiff and the three minor children, without plaintiff's knowledge and consent, the defendant, Evan Ehmann, Licsw, did thereby violate Massachusetts General Law Chapter 272 Section 7 and did, aid and abet the defendant(s) Mary Jane Stern, and Gary Matteson, in presenting illegally wiretapped recordings to a Court of competent jurisdiction in the Commonwealth of Massachusetts, and did, thereby, violate the right of the plaintiff.

125)    As a result of the act and actions of the defendant, Evan Ehmann, Licsw, of aiding and abetting the defendant(s) Mary Jane Stern and Gary Matteson, the plaintiff has been injured, and is entitled to recovery for said injury.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
### AGAINST DEFENDANT EVAN EHMANN
Complaint against Defendants - 40

**(Violation of Plaintiff's Federal Constitutional Rights)**
**(Fourth Amendment-Unreasonable Search and Seizure)**

126)    Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 through 125 as if set forth fully herein.

127)    By the act and action of receiving, transporting, and listening to illegally wiretapped conversations between the plaintiff and the three minor children, the defendant, Evan Ehmann, in an appointed position of Guardian Ad Litem, for the Hampshire Probate and Family Court, an entity of the Massachusetts General Court, of the Commonwealth of Massachusetts, did thereby violate plaintiff's right to be free from unreasonable search and seizure of his person and property.

128)    As a result of the act and actions of the defendant, Evan Ehmann, of receiving illegally wiretapped conversations of the plaintiff and the three minor children, the defendant did thereby injure and violate plaintiff's right to be free from unreasonable search and seizure of his person and property, and the plaintiff is entitled to recover for his injury.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### AGAINST DEFENDANT EVAN EHMANN
**(Violation of Plaintiff's Massachusetts Constitutional Rights)**
**(Article I (CVI), Article X and Article XIV)**

129)    Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 through 128 as if set forth fully herein.

130)    By the act and actions of the defendant, Evan Ehmann, Licsw, of listening to illegally wiretapped conversations of the plaintiff with the three minor children, the defendant did thereby violate plaintiffs Massachusetts Constitutional rights accorded under Article I (CVI), Article X, and Article XIV of the Massachusetts Constitution.

131)    As a result of the act and actions of the defendant, Evan Ehmann, Licsw, the plaintiff has been injured and is entitled to recovery for said injury.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### AGAINST DEFENDANT MARY JANE STERN
### (Violation of Massachusetts General Law Chapter 12, §11H, §11I)

132)    Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 through 131 as if set forth fully herein.

133)    Plaintiff's rights were violated by the defendant(s) from the Illegal Wiretapping of conversations between the plaintiff and his three minor children, at various dates and times, and did thereby violate plaintiff's rights under Massachusetts General Law Chapter 12 Section 11H and Section 11I.

134)    Under Massachusetts General Law Chapter 12 §11H and §11I:

Quoting from Folmsbee v Tech Tool Grinding & Supply, Inc., & another 417 Mass. 388; 630 N.E. 2d 586; 1994 Mass. Lexis 154:

"The relevant portions of the G.L. c. 12 read as follows: "Section 11H. Whenever any person or persons, whether or not acting under color of law, interfere by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any other person or persons of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the Commonwealth, the attorney general may bring a civil action…"

135)    M.G.L. Chapter 12 Section 11I does state as follows:

"Any person whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with, as described in §11H, may institute and prosecute in his own name and on his own behalf a civil action for injunctive and other appropriate equitable relief."

136) By the act and actions of the defendant, Mary Jane Stern, of

Complaint against Defendants - 42

illegally wiretapping the plaintiff and plaintiff's three minor children, over a period of not less than eight (8) months, during various dates and times, did hereby violate plaintiff's right to be free from unreasonable, substantial and serious interference with plaintiff's privacy, and did thereby violate Massachusetts General Law Chapter 214 §1B

137)   As a result of the act and actions of the defendant, Mary Jane Stern, the plaintiff has been injured and is entitled to recovery for said injury.

### AS AND FOR A EIGHTEENTH CAUSE OF ACTION
### AGAINST DEFENDANT GARY MATTESON
### (Violation of Massachusetts General Law Chapter 12, §11H, §11I)

138)   Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 through 137 as if set forth fully herein.

139)   Plaintiff's rights were violated by the defendant(s) from the Illegal Wiretapping of conversations of the plaintiff and the three minor children, at various dates and times, and did thereby violate plaintiff's rights under Massachusetts General Law Chapter 12 Section 11H and Section 11I.

140)   Under Massachusetts General Law Chapter 12 §11H and §11I:

Quoting from Folmsbee v Tech Tool Grinding & Supply, Inc., & another 417 Mass. 388; 630 N.E. 2d 586; 1994 Mass. Lexis 154:

"The relevant portions of the G.L. c. 12 read as follows: "Section 11H. Whenever any person or persons, whether or not acting under color of law, interfere by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any other person or persons of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the Commonwealth, the attorney general may bring a civil action..."

"Section 11I. Any person whose exercise or enjoyment of rights secured

Complaint against Defendants - 43

by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with, as described in §11H, may institute and prosecute in his own name and on his own behalf a civil action for injunctive and other appropriate equitable relief."

141) By the act and actions of the defendant, Gary Matteson, of illegally wiretapping the plaintiff and plaintiff's three minor children, over a period of not less than eight (8) months, during various dates and times, did hereby violate plaintiff's right to be free from unreasonable, substantial and serious interference with plaintiff's privacy, and did thereby violate Massachusetts General Law Chapter 214 **§1B**

142)  As a result of the act and actions of the defendant, Gary Matteson, the plaintiff has been injured and is entitled to recovery for said injury.

### AS AND FOR A NINETEENTH CAUSE OF ACTION
### AGAINST DEFENDANT EVAN EHMANN
### (Violation of Massachusetts General Law Chapter 12, §11H, §11I)

143)  Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 through 142 as if set forth fully herein.

144)  Plaintiff's rights were violated by the defendant(s) from the Illegal Wiretapping of conversations of the plaintiff and the three minor children, at various dates and times, and did thereby violate plaintiff's rights under Massachusetts General Law Chapter 12 Section 11H and Section 11I.

145)  Under Massachusetts General Law Chapter 12 §11H and §11I:

Quoting from Folmsbee v Tech Tool Grinding & Supply, Inc., & another 417 Mass. 388; 630 N.E. 2d 586; 1994 Mass. Lexis 154:

"The relevant portions of the G.L. c. 12 read as follows: "Section 11H.

Complaint against Defendants - 44

Whenever any person or persons, whether or not acting under color of law, interfere by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any other person or persons of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the Commonwealth, the attorney general may bring a civil action…"

"Section 11I. Any person whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with, as described in §11H, may institute and prosecute in his own name and on his own behalf a civil action for injunctive and other appropriate equitable relief."

146) By the act and actions of the defendant, Evan Ehmann, of obtaining, receiving and utilizing illegally wiretapped conversations between the plaintiff and plaintiff's three minor children, during various dates and times, without plaintiff's knowledge and consent, did hereby violate Massachusetts General Law Chapter 12 Section 11I and 11H and plaintiffs rights were violated by defendant.

147)   As a result of the act and actions of the defendant, Evan Ehmann, the plaintiff has been injured and is entitled to recovery for said injury.

### AS AND FOR TWENTIETH CAUSE OF ACTION
### AGAINST DEFENDANT MARY JANE STERN
(Violation of Massachusetts General Law Chapter 214 Section 1B
(Unreasonable, Substantial or Serious Interference with Plaintiff's Privacy)

148)   Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 through 147 as if set forth fully herein.

149)   By the act and actions of the defendant, Mary Jane Stern, of unreasonably, substantially and seriously interfering with plaintiff's

privacy and right thereof, by illegally wiretapping conversations between the plaintiff and his three minor children, for a period not less than eight (8) months, did hereby violate Massachusetts General Law Chapter 214 Section 1B.

150) As a result of the act and actions of the defendant, Mary Jane Stern, the plaintiff has been injured and is entitled to recovery for said injury.

## AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
### AGAINST DEFENDANT GARY MATTESON
**(Violation of Massachusetts General Law Chapter 214 Section 1B (Unreasonable, Substantial or Serious Interference with Plaintiff's Privacy)**

151) Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 through 150 as if set forth fully herein.

152) By the act and actions of the defendant, Gary Matteson, of unreasonably, substantially and seriously interfering with plaintiff's privacy and right thereof, by illegally wiretapping conversations between the plaintiff and his three minor children, for a period not less than eight (8) months, did hereby violate Massachusetts General Law Chapter 214 Section 1B.

153) As a result of the act and actions of the defendant, Gary Matteson, the plaintiff has been injured and is entitled to recovery for said injury.

## AS AND FOR A TWENTY-SECOND CAUSE OF ACTION
### AGAINST DEFENDANT EVAN EHMANN
**(Violation of Massachusetts General Law Chapter 214 Section 1B (Unreasonable, Substantial or Serious Interference with Plaintiff's Privacy)**

154) Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 through 153 as if set forth fully herein.

155) By the act and actions of the defendant, Evan Ehmann, of unreasonably, substantially and seriously interfering with plaintiff's privacy and right thereof, by obtaining, receiving and utilizing illegally

wiretapping conversations between the plaintiff and his three minor children, the defendant did hereby violate Massachusetts General Law Chapter 214 Section 1B.

156) As a result of the act and actions of the defendant, Evan Ehmann, the plaintiff has been injured and is entitled to recovery for said injury.

## PLAINTIFF'S STATEMENT

Plaintiff is a natural born citizen of the United States.  Plaintiff is a resident and person of the Commonwealth of Massachusetts.  Plaintiff has had his exercise and enjoyment of rights, secured by the constitution and laws of the United States, and the constitution and laws of the Commonwealth of Massachusetts, interfered with by means of the defendant(s) illegally wiretapping the plaintiff, on various dates and times, from various places, without his knowledge and consent while engaging in conversations with the three minor children.  Plaintiff has sustained serious emotional and physical harm, irreparable harm, and, accordingly, seeks to institute and prosecute in his own name and behalf, a civil action for injunctive and declaratory relief; punitive and compensatory damages, and other appropriate relief against the defendant(s) who are persons in the Commonwealth of Massachusetts and have violated the rights of the plaintiff with regard to his personal liberty and exercise thereof, with the three minor children.  The Defendant(s) have violated the United States Constitution, United States Laws, the Code of Federal Regulations, the Constitution of the Commonwealth of Massachusetts, laws of the Commonwealth of Massachusetts and the Code of Massachusetts Regulations.

## Plaintiff's Right to Seek Declaratory and Injunctive Relief

The Plaintiff is an aggrieved person under Federal and State civil
Complaint against Defendants - 47

rights law as a result of the illegal act and actions of the defendant(s). Plaintiff seeks immediate declaratory and injunctive relief on behalf of himself to further prevent defendant(s) from violating plaintiff's civil rights and liberties accorded by the Federal and State Constitutions.

WHEREFORE Plaintiff respectfully prays that the Court grant the declaratory and injunctive relief, as well as damages and other relief, set forth hereinafter in the prayer for relief.

### GENERAL PRAYER FOR RELIEF

WHERFORE, Plaintiff prays for judgment as follows:

a. That this Court permanently enjoin by injunctive relief the conduct of defendant(s), their officers, agents, servants, and employees and direct defendant(s) to return all illegally wiretapped conversations by and between the plaintiff with the three minor children to the plaintiff forthwith; to enjoin the defendant(s) from destroying, tampering, or removing said tapes from the Commonwealth of Massachusetts

b. To issue a warrant to search the premises of Gary Matteson, Defendant, located at 404 Brattleboro Road, Bernardston, Massachusetts, and the premises of Evan Ehmann, Ashburnham, Massachusetts for any recording devices, mechanical, electronic, or digital, any tapes, of any conversations between the plaintiff, and the three minor children; said warrant to be executed by the United States District Attorney's Investigatory Unit or some other Federal entity such as the Federal Bureau of Investigation, accordingly, expeditiously and by proper jurisdiction of said executable warrants;

c. That this Court render a Declaratory Judgment declaring the Defendants' conduct infringing upon the civil rights accorded by both Federal and State Constitutions, against the plaintiff, to be invalid, and that their action is an unconstitutional infringement of plaintiff's rights to life, liberty and the pursuit of happiness and plaintiff's right to privacy and the unreasonable search and seizure of his person, property and character.

d. That this Court order the defendant(s) to permanently and forever be enjoined from purchasing, obtaining, owning, leasing, borrowing, or otherwise not hereto listed, any mechanical, electronic, or digital device for the purpose of illegally wiretapping plaintiff or other individuals without their knowledge and consent, and that violation of this order (c) would be a criminal contempt of this Court's order;

e. That this Court render a judgment for the plaintiff, against the defendants, in all aspects herein alleged and claimed regarding plaintiff's rights to United States Constitutional Protections, Federal Law and Massachusetts Constitutional Protections, Massachusetts State Law that the defendant(s) action is in violation of these Constitutions and

Complaint against Defendants - 48

laws and the defendant(s) actions have been an infringement of plaintiff right to the Constitutions and laws, respectively;

f. That this Court apply the standards of criminal conduct against defendant(s) violations of Federal and State Law regarding the illegal wiretapping by and between the plaintiff and the three minor children; the defendant(s) be adjudicated to serve time in an appropriate facility for violations of Federal and State Constitutions, Federal and State Law and applicable Code of Regulations and be subject to the crimes and punishment according to Federal and State statutory law.

g. That the defendant, Evan Ehmann, Licsw, have his license revoked and suspended, permanently and forever, and be further enjoined to practice as a Licensed Independent Social Worker; or in any other field of Social Work for his flagrant violations of plaintiff's Constitutional Rights; and Evan Ehmann, Licsw, shall be ordered to not be appointed as a Guardian Ad Litem within the Commonwealth of Massachusetts and any jurisdiction of the United States of America and its territories.

h. That this Court render a judgment for the plaintiff, against the defendant Mary Jane Stern, that the defendant was in breach of the plaintiff's rights accorded by the August 31, 1994 Judgment of Divorce Nisi and the Agreement of the Parties of September 16, 1997 amending the Judgment of Divorce Nisi in the Hampshire Probate and Family Court, that the defendant did violate the personal liberties of the plaintiff;

i. That this Court retain jurisdiction of this matter for the purposes of enforcing the Court's order;

j. That this Court exercise discretion pursuant to Rule 65 of the Federal Rules of Civil Procedure to accelerate the trial on the merits;

k. That this Court order a trial by jury to assess actual, punitive and compensatory damages suffered by Plaintiff due to defendant(s) flagrant violation of plaintiff's constitutional rights;

l. That this Court issue the requested injunctive relief without condition of bond or surety or other security being required of Plaintiffs.

## PRAYER FOR OTHER RELIEF

m. Grant to plaintiff an award of actual, punitive and compensatory damages;

n. Grant to Plaintiff an award of the costs of litigation, including reasonable attorneys' fees and expenses;

o. Grant such other and further relief as this Court deems just and proper.

I have stated all of the above based upon my own knowledge,

information and belief; and so far as upon my information and belief, I

believe this information to be true.


Sworn to under the pains and penalties of perjury this
_____29 th_____ day of _____March_____, 2005


Most respectfully submitted this 29th day of March 2005.

_____

Scott Stern

Pro-Se Plaintiff

400 West Main Street

North Adams, Massachusetts 01247


ACKKNOWLEDGEMENT CERTIFICATE

On this __29__ day of _March_____, 2005, before me, the

undersigned Notary Public, personally appeared _Scott Stern_

proved to me through satisfactory evidence of identification, which

were Drivers license from the Commonwealth of Massachusetts, to be the

person whose name is signed on the preceding or attached document and

acknowledged to me that he signed it voluntarily for its state purpose.

_Barbara Q. Cianco_

Signature of Notary Public


My Commission Expires: _____

Complaint against Defendants - 50

℀JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

United States

### DEFENDANTS

USA

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Pro-Se

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | **PRISONER PETITIONS** | | Under Equal Access |
| | Employment | ☐ 510 Motions to Vacate | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | Sentence | | ☐ 950 Constitutionality of |
| | Other | **Habeas Corpus:** | | State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 530 General | | |
| | | ☐ 535 Death Penalty | | |
| | | ☐ 540 Mandamus & Other | | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. 2510, 2511, 2515, 42 USC 1983

Brief description of cause:
Ex-Wife/her BF and a Lieu (6AL) illegally recorded conversations of Plaintiff + minor children

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint: for 8 months

JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE March 30th 2005

SIGNATURE OF ATTORNEY OF RECORD
Scott Gem   Pro-Se

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) *Scott Stern   v.   Mary Stern, et a*

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local
    rule 40.1(a)(1)).

    ___    I.      160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ✓      II.     195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,       *Also complete AO 120 or AO 121
                   740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

    ___    III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                   315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                   380, 385, 450, 891.

    ___    IV.     220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                   690, 810, 861-865, 870, 871, 875, 900.

    ___    V.      150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this
    district please indicate the title and number of the first filed case in this court.
    No related cases

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                    YES ☐      NO ☑

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28
    USC §2403)
                                                    YES ☐      NO ☑

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                    YES ☐      NO ☑

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                    YES ☐      NO ☑

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                    YES ☑      NO ☐

    A.     If yes, in which division do all of the non-governmental parties reside?

           Eastern Division ☐          Central Division ☐          Western Division ☑

    B.     If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
           agencies,  residing in Massachusetts reside?

           Eastern Division ☐          Central Division ☐          Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes,
    submit a separate sheet identifying the motions)

                                                    YES ☐      NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Scott Stern
ADDRESS    400 West Main St. North Adams, Mass 01247
TELEPHONE NO.    (413) 320-7769

Coversheetlocal.wpd - 10/17/02)

ordered by the Hampshire Probate and Family Court, on August 31, 1994, and

amended by the Agreement of the Parties on September 16, 1997 (Dunphy, Sean;

Chief Justice of the Probate and Family Court) to:

"refrain from engaging in violating the personal liberties of

Scott Lee Stern" The plaintiff in this action.

49)    Defendant Mary Jane Stern, by engaging in illegal wiretapping of

the plaintiff, did hereby violate plaintiff's rights as agreed upon by the

Judgment of Divorce Nisi dated August 31, 1994 and the Agreement of the

Parties dated September 16, 1997 (Dunphy, Sean; Chief Justice of the Probate

and Family Courts).

50)    On or about and during the months of May, June, July, August,

September, October, and November, in the year 2004, on various dates and

times, the plaintiff heard a regular and consistently timed beeping sound

during telephone conversations with the three minor children placed to the

residence of the defendant(s), in order to engage in a legally authorized

telephone conversation with his three minor children, per the agreement of

the parties of September 16, 1997.

51)    The owner of the residence at 404 Brattleboro Road, Bernardston,

Massachusetts at this time is the defendant Gary Matteson, herein named. The

owner and individual responsible for the telephone number, 413-648-9003, is

the defendant Gary Matteson.   The defendant, Gary Matteson, in conspiracy

with the defendant Mary Jane Stern, did willfully and maliciously engage in

the illegal activity of wiretapping and eavesdropping the conversations of

the plaintiff with his three minor children herein alleged during various

dates and times.

Complaint against Defendants - 23

52)  On or about November 3, 2004 the plaintiff engaged in conversations with the three minor children, emanating from his residence, and received at the residence of the defendants, by dialing the number 413-648-9003; the defendants did hereby willfully and maliciously engage in the illegal wiretapping and eavesdropping of the plaintiff conversations with his three minor children.  The conversation on November 3, 2004 included the participation with two other minor children from an unrelated relationship; these two minor children are, Keira Naomi Stern age eight (8) Zachary Alan Stern, age five (5).

53) The defendant, Mary Jane Stern, did hereby record, and provide, illegally wiretapped conversations to a court appointed Guardian Ad Litem, an investigator, named "Evan Ehmann, Licsw," herein named as a co-defendant.

54) Evan Ehmann, Licsw was appointed by the Hampshire Probate and Family Court case of Stern vs. Stern, Docket No. 90-D0490-D1, by the Honorable Judge Geoffrey Wilson.

55) Evan Ehmann, Licsw, received, listened and utilized these illegally wiretapped and recorded conversations and reported his findings of said illegally recorded conversations with malice and contempt of the laws of the United States and the Commonwealth of Massachusetts.

56) The defendant, Mary Jane Stern, did thereby provide said illegal recordings of the plaintiff to this named Guardian Ad Litem directly and with malice and contempt of the laws of the United States and the Commonwealth of Massachusetts.

57) On or about November 3, 2004, the plaintiff engaged in a conversation with the three minor children, from his residence, placing the call to the residence of the defendant(s) Mary Jane Stern and Gary Matteson,

Complaint against Defendants - 24