The Commonwealth of Massachusetts

The Trial Court

Probate and Family Court

Hampshire, ss                           Docket No.:90D0490D1

| | |
|---|---|
| SCOTT STERN | ) AFFIDAVIT OF SCOTT STERN regarding |
| 400 West Main Street | ) conversations illegally recorded |
| | ) by the Defendant and the |
| North Adams, Massachusetts | ) Defendant's partner on November |
| 01247 | ) 17, 2004. |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Mary Stern | ) |
| | ) |
| 404 Brattleboro Road | ) |
| Bernardston, MA.  01337, | |
| Defendant | |

---

The undersigned states the following under oath:

1. I am the father of three minor children: Jessica Leigh Stern (DOB 9-28-88), Amanda Keri Stern (DOB 11-3-89), and Caitlin Melanie Stern (1-29-91).

2. I, Scott Stern, telephone the three minor children, under court agreement between the parties of September 16, 1997 and August 31, 1994, on Tuesday, Wednesday and Thursday evenings between the hours of 8 p.m. and 8:30 p.m..

3. Through various modifications of M.G.L.A. Chapter 209A orders the call time was modified and has become a "de facto" call time between 8:00 p.m. and 8:30 p.m. on Tuesday, Wednesday and Thursday Evenings.

4. On November 17, 2004, at approximately 8:01 p.m., after experiencing difficulty with the telephone number (413)664-7805

at my residence of 400 West Main Street, North Adams, Massachusetts I proceeded to leave my residence in order to telephone the three minor children at their mother's residence of 404 Brattleboro Road, Bernardston, Massachusetts, the home the Defendant's partner, Gary Matteson.

5. At approximately 8:09 p.m., on November 17, 2004, I, Scott Stern, arrived at the Price Chopper grocery store in order to telephone the three minor children from a Verizon payphone.

6. At 8:09 p.m. on November 17, 2004, one of my three minor children answered the telephone. This minor child is the second of the three siblings and is named "Amanda Keri Stern"

7. At approximately 8:10 p.m. I, Scott Stern, recognized a beeping sound emanating behind the voice of this minor child, Amanda Keri Stern.

8. I, Scott Stern, asked this minor child directly if I was being illegally recorded and she responded by stating "It's not illegal if you can hear the beeping"

9. I, Scott Stern, explained to my daughter, Amanda Keri Stern, that I have reported this to the Northwestern District Attorney's Office.

10. I, Scott Stern, requested my daughter, Amanda Keri Stern, to make this recording mechanism stop, and she refused to comply with her parent, the plaintiff, this father's, direct request.

11. I, Scott Stern, requested of my daughter that I call her back in a few minutes because I was out of change.

12. I, Scott Stern, having received acknowledgement from my daughter, Amanda Keri Stern, that she would pick up and answer the phone upon my calling in again.

13. I, Scott Stern, hung up the telephone of the Verizon payphone and left the premises of Price Chopper grocery Store, in North Adams, Massachusetts and drove to the North Adams Police Department.

14. I, Scott Stern, arrived at the North Adams Police Department at approximately 8:20 p.m. and entered into the station house to engage in a conversation with the desk dispatcher.

15. I, Scott Stern, engaged in a brief conversation with the Sergeant on duty, Sergeant James Burdick, regarding the telephone contact with the minor children.

16. I, Scott Stern, was allowed to telephone the three minor children from the North Adams Police Department, in order that another entity, legal and official, could hear the sound of the beeps emanating from the telephone calls to the minor children.

17. I, Scott Stern, at approximately 8:30 p.m. on November 17, 2004, at the North Adams Police Department, telephoned the three minor children at the residence of Gary Matteson, 404 Brattleboro Road, Bernardston, Massachusetts at the number of (413)648-9003.

18. I, Scott Stern, telephoned the three minor children in the presence of Sergeant Burdick, and the dispatcher, dispatcher Tupor.

19. I, Scott Stern, was informed by my daughter, Amanda Keri Stern, that the time at their residence was 8:30 p.m. and that she had waited for her father to call back since our conversation at the Verizon payphone at approximately 8:09 p.m.

20. I, Scott Stern, proceeded to not alarm my daughter that I was calling again from the North Adams Police Department and explained that it had taken some time to get some change for the call.

21. During this conversation, between the minor child and the Plaintiff, this father, could clearly hear that their were audible beeps occurring on the telephone line as the telephone conversation was occurring.

22. During this conversation, Sergeant James Burdick of the North Adams Police Department, acknowledged that he heard several beeps

during this conversation between the minor child and the Plaintiff.

23. I, Scott Stern, the plaintiff in this action, father to the three minor children, requested this minor child to inquire if her sisters, the other two minor children were available to speak. Neither of the other two minor children were available at this time to engage in a conversation with their father.

24. I, Scott Stern, informed this minor child, during this conversation at the North Adams Police Department, Amanda Keri Stern, that I have not seen her for approximately six months and I would like to see her again.

25. I, Scott Stern, engaged in a conversation, in total of approximately three minute with this one minor child.  This minor child was, and has been, instructed to end the telephone conversation at 8:30 p.m. contrary to the agreement between the parties dated September 16, 1997.  This agreement allows conversations to between the minor children and the parent, Scott Stern, to occur, as long as they do not exceed thirty minutes in length.

26. I, Scott Stern, was at the North Adams Police Department to engage in a conversation with the three minor children and to allow the North Adams Police Department to monitor and verify that I, Scott Stern, am not the only individual hearing this same audible sound in conversations with the three minor children.

27. I, Scott Stern, do hereby formally swear and attest that this audible sound has been part of telephone conversations between the three minor children and myself, Scott Stern, their father, the Plaintiff in this action, for approximately the last six months, during the time the Defendant has been residing at the residence of Gary Matteson of 404 Brattleboro Road, Bernardston, Massachusetts.

28. I, Scott Stern, have been informed that such activity by the Defendant, has been, and continues to be in violation of my civil rights, my paternal rights, my substantive rights, my legal rights, the Massachusetts General Laws, United States Federal Laws.

29. I, Scott Stern, have learned, through various sources, that taping telephone conversations without someone's permission is a violation of the Massachusetts General Laws and the United States Federal Laws and is considered a criminal offense.

30. I, Scott Stern, have never authorized my ex-wife, Mary Jane Stern, to engage in recording telephone conversations between myself and the three minor children.

31. I, Scott Stern, have never received any, written or verbal, legal or authenticated, by electronic or any other communication from my ex-wife, Mary Jane Stern, notification that conversations with the three minor children would be recorded on the, court allowed, Tuesday, Wednesday and Thursday evening telephone contact.

32. I, Scott Stern, have never authorized my ex-wife's partner, Gary Matteson, of 404 Brattleboro Road, Bernardston, Massachusetts to engage in recording telephone conversations between myself and the three minor children.

33. I, Scott Stern, have never received any written or verbal, legal or authenticated, by electronic or any other communication from Gary Matteson, of 404 Brattleboro Road, Bernardston, Massachusetts, the residence where the three minor children reside, notification requesting my explicit permission and authorization that telephone conversations between the three minor children and myself, would be recorded on the, court allowed, Tuesday, Wednesday and Thursday evening telephone contact.

34. I, Scott Stern, do hereby formally declare and attest that this illegal wiretapping has been engaged in by the Defendant for at least six months at this residence and believe that such actions on the part of the Defendant, and the Defendant's partner, have knowingly, maliciously and purposefully engaged in Parental Alienation of the three minor children towards and against their paternal father, Scott Stern.

35. I, Scott Stern, do hereby formally declare and attest that this illegal activity, has not been authorized or ordered, by any Federal Agency, Massachusetts Governmental Agency, the Massachusetts General Court, the Department of the Trial Court, and Federal or State Police Department, by authorization of any Federal or State Law, Code of Federal Regulations, Code of Massachusetts Regulations, through the RICO or ERISA acts of the Federal Government, or any court order allowing the illegal monitoring and wiretapping of the plaintiff's telephone conversations with the three minor children.

36. I, Scott Stern, do hereby formally declare and attest, that the three minor children have been engaging in the practice of lying in order to cover up the illegal action of the Defendant and the Defendant's partner, by stating, in previous conversations, with their father, the plaintiff, Scott Stern, that this audible beeping sound, was the sound of a "cordless phone losing its battery strength" and that "the phone needed to be recharged"

37. I, Scott Stern, do hereby formally declare and attest, that one of the three minor children, during a telephone conversation within the last week, that "she wanted to remain out of it" referring to the activity that the Defendant was engaging in, the illegal recording of conversations between the plaintiff and the three minor children, which this plaintiff had considered it to be, as illegal and authorized.

38. I, Scott Stern, do hereby formally declare and attest, that when one parent engages in utilizing the children to falsify and lie toward and to another parent, in order to engage in covering up illegal activity, such as the defendant and defendant's partner have done, including illegal wiretapping of telephone conversations, it is tantamount to emotional abuse of the three minor children and it is a demonstrative form of parental alienation.

39. I, Scott Stern, do hereby swear and attest, that the Plaintiff and Defendant in this matter did hereby enter into a Judgement of Divorce Nisi, granted by this court on August 31, 1994 and Amended accordingly on September 16, 1997 and amended again in a Temporary Order between the parties, but never agreed that either party could engage in recording telephone conversations with the other, individually, or during telephone contact with the minor children.

40. I, Scott Stern, do hereby swear and attest, that Mary Jane Stern, the Defendant in this matter has violated our Judgement of Divorce Nisi, granted on August 31, 1994, by engaging in activity that has been a violation of this plaintiff's personal liberties, agreed upon by the parties.

I have stated all of the above based upon my own knowledge, information and belief; and so far as upon my information and belief, I believe this information to be true.

Sworn to under the pains and penalties of perjury this day of November 18, 2004

Scott Stern

400 West Main Street

North Adams, Massachusetts 01060

# ACKNOWLEDGMENT CERTIFICATE

On this _____ day of _____, 20 _____, before me, the undersigned

notary public, personally appeared _____,

<small>(name of document signer)</small>

proved to me through satisfactory evidence of identification, which were _____,

to be the person whose name is signed on the preceding or attached document and acknowledged to

me that (he) (she)  signed it voluntarily for its stated purpose.


(as partner for _____, a corporation)

(as _____ for _____, a corporation)

(as attorney in fact for _____, the principal)

(as _____ for _____, (a) (the)_____)

_____

<small>(official signature and seal of notary)</small>

My Commission Expires _____

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
PROBATE AND FAMILY COURT DEPARTMENT

HAMPSHIRE, ss

Docket No. 90D0490D1

MARY STERN,
    Plaintiff

v.

SCOTT STERN,
    Defendant

)  Mar 15  9 41 AM '94
)
)     FILED
)  HAMPSHIRE DIVISION
) PROBATE & FA Temporary Agreement of the Parties
)
)
)

The parties in the above captioned divorce case hereby agree to the following:

1.    Each party agrees that he and she will not impose any restraint on the personal liberty of the other.

2.    Each party agrees that he and she will not attempt to harm the other physically, or by placing her or him in fear of imminent serious physical harm.

3.    Scott Stern agrees to stay away from Mary Stern's residence which is located at: 523 Meadowbrook Apartments in Northampton.

4.    Scott Stern agrees that he will not contact Mary Stern either in person, by telephone, in writing, or otherwise, and that he will stay at least 100 yards away from her, except in the presence of the supervisor(s) during pick up and drop off of the children for visitation. The parties agree that during the exchange Scott Stern will remain in the car, and that if necessary, the supervisor(s) will help Mary Stern transfer the children. This provision will be revised to eliminate references to supervisors at such time as the parties agree or the court orders that Scott Stern's visitation shall be unsupervised.

5.    The parties agree that they will not make any disparaging or threatening remarks to each other or to the supervisor(s) during the exchange for visitation or at any time.

6.    The parties agree that Mary Stern has physical custody of the minor children, Jessica Stern; Amanda Stern; and Caitlin Stern, and that Scott Stern will not impair such custody except through court action.

1

*This agreement is not criminally enforceable Scott S. & S/R Kaplan*

*Mary S.*

All until further order of the court.

_____
Scott Stern

_____
Stephen R. Kaplan, Esq.

_____
Mary Stern

_____
Sharon Coose, Esq.

2

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
THE PROBATE AND FAMILY COURT DEPARTMENT

HAMPSHIRE DIVISION

Docket No. ___90D0490D1___

MARY STERN_____  )
            Plaintiff )
                     )
    v                )
                     )          AMENDMENT TO JUDGMENT
SCOTT STERN_____  )
            Defendant )

   After a review hearing, pursuant to the Judgment of Divorce Nisi dated August 31, 1994, IT IS ORDERED THAT both parties attend the Parents and Children in Transition Program (PACT) on the first available date.

   Upon completion of the PACT Program by both parties, counsel shall schedule a further review hearing on the matters of visitation and health insurance.

February 22, 1995
     Date

Honorable David G. Sacks
Judge of Probate and Family Court

Hampshire, ss., Probate Court, Northampton, Mass.,
A true photocopy
Attest: _____ Register   MAY 1 6 1996

42

**Commonwealth of Massachusetts**
**The Trial Court**

HAMPSHIRE Division     **Probate and Family Court Department**     Docket No. 90D049 )D1

**Judgment Of Divorce Nisi**

MARY STERN _____, Plaintiff

of ___ Northampton ___ in the County of ___ Hampshire ___

SCOTT STERN ___v._____, Defendant

of ___ Adams _____ in the County of ___ Berkshire ___

All persons interested having been notified in accordance with the law, and after hearing, it is adjudged nisi that a divorce from the bond of matrimony be granted the said plaintiff for the cause of _____

IRRETRIEVABLE BREAKDOWN (1B)

as provided by Chapter 208, sections 1, 2 and that upon and after the expiration of ninety days from the entry of this judgment, it shall become and be absolute unless, upon the application of any person within such period, the Court shall otherwise order. It is further ordered that by agreement of the parties:

IT IS ORDERED THAT the parties shall comply with their Agreement filed with the Court on August 31, 1994, the terms of which shall be incorporated and merged into the Judgment of this Court and shall have no independent significance hereafter.

Pursuant to M.G.L. Ch.208, §34 and based upon the testimony of the parties, their agreement and their financial statements, the Court finds the agreement to be fair and reasonable, voluntarily entered into and not the product of fraud, coercion or duress.

IT IS FURTHER ORDERED THAT Mr. Stern pay by wage assignment to the Department of Revenue the sum of $54 commencing SEPTEMBER 2, 1994, $43 of which shall be applied toward child support and $11 of which shall be applied toward an arrearage of $4,811.30, which arrearage is subject to verification, and the Department of Revenue shall forthwith provide Mr. Stern with an audit of his child support account.

IT IS FURTHER ORDERED THAT the parties appear for a review on the matters of health insurance and visitation on FEBRUARY 8, 1995 at 9:30 A.M.

ALL UNTIL FURTHER ORDER OF THE COURT.

Date ___ August 31, 1994 ___

_____
Justice of Probate and Family Court

AND NOW ON this 30th. day of November 1994 said Judgment Nisi becomes ABSOLUTE

CJ-D 403 (2/90)

_____
Register of Probate

SEE AMENDMENT TO JUDGMENT DATED FEBRUARY 22, 199 (42)

Hampshire, ss., Probate Court, Northampton, Mass.,
A true photocopy
Attest: _____ Register

MAY 1 6 1996

NARRATIVE FOR SERGEANT JAMES M BURDICK
Ref: 04-1778-OF

Mr. Stern came into the station on 11-17-2004 at about 20:18 Hrs. Stern reported that he has a court order against him by his ex-wife ( Mary Stern ) - He reports that by court order he can contact his daughter - Amanda - He can call her between the hours of 20:00 Hrs. to 20:30 Hrs. He reports that he has noticed that when he calls his daughter there is a beeping sound in the back ground. He reports that he asked his daughter if the phone calls where being record. He reports that his daughter stated that if theres a beep he must know that the calls are recorded.

While at the station - Mr. Stern called his daughter from the dispatch center on console - APU 1 - This Police line is recorded. While Stern spoke with his daughter - Stern placed the call on the speaker phone. - A beeping noise could clearly be heard in the call. This beeping is not on the police line. Stern spoke very briefly with his daughter.

Stern was advised that there would be a Police report on file and a copy of the phone tape could be obtained for court.

The phone number that Stern called was 1-413-648-9003 and is listed to a Gary Madison of 404 Brattleboro Rd. - Bernardston , Ma. 01337.

                    Sgt. James M. Burdick

                    ----------------------------------------
                    North Adams Police Department



Jess Wed ay 4/13/04
Appointment

Amanda turns to Jessica
(not in) turns to mom
and asks mom — anything
outside

Beep on phone ask

Beeps on phone reorder

I mone in house
all endless

Yahoo! Mail - sishwg@yahoo.com

① Caitlin

Nov. 2

Will I ever see again?

Probably Not

ILM + MY

Election

National

What's that beeping Sound?

Phone connected to a wire

don't Know

Caitlin
Seena roll-top Desk
NO B912
Too bad
what else
Not next to a clock
French
- not helping sister
sisters if I want them to
French words

what change Do you speak French 2
Don't feel like talking

(constantly as if
(being tapped tapped

can't make you talk
Put your sister

Take Care
Bye

Jess is _____

Amanda is "out"    Don't want to tell me

Anything Talk about
    Well

Afard it might change the course of history
Didn't hear me

Echo    repeat that did you say
    effect - Hollow - Hallway?    cool or sad

http://cool.buffalo.edu/archives/colleges/cul/disablaw.html
9/18/2004

②

Jessica

Election
Homework
Math - Geometry

8:21 — about ten minutes

Seen Roll-top Desk — Have?

Dudes - Win

Amanda is? Not Sure

Play Practice

Night of the living beauty Pageant

Shakespeare

Conflict → Sat Nite - No - working on Project

ovies
on   Shakespeare in Love     My left foot

Othello

In love + War

Seen
Not going to list them
Beeping — Don't know what 1-13?

(3) What Else

Don't Know

Sandwich
- Roast Beef
- lettuce + cheese

Dinner not w/

Not sure what anyone else had for dinner

Accidents

Major news events

---

Initial Writing

JLS / JS    Don't want it

Convey the message
to Amanda

Sunday?
Not sure yet

---

Don't Know what is

Getting rid of the beeping sound ask Mom or Gary
Happen on any other phone calls
Haven't made any phone calls

Ask Good news or bad news

③ 5/04
Bucket    Okay Dad

I leaf

Dasani Water ?

Beep again - cordless

Don't have a corded phone?

Someone in house own one

Talk to Jessica    Maybe if she wants to talk

Bucket of Water - something

Magnets?    + +    pushed away    | Cars?  Zachary
            - -    " "
            + -    stick    |  magnet in hood
                            Northampton  not
                            Bernardston  remember!

# TO GET

SALT

9V Batteries — smoke detectors

BCI-21 Print Cartridge

---

8:02                              KIDS CALL — 11/18/04

Caitlin
11/18/04 ( True don't like going )

Leave me out of it

Young + Innocent

Don't like Going

Doesn't matter                    Beeping
                                  _____
                                  IS GARY
                                  THERE

IS Gary there, Is Mary there

→ No - Doesn't matter.

---

Anything    you    want    to tell your
"Nope"

ILY + IMY

Want to talk to Amanda

11/18/04

Do you Know how to turn off the machine

**Amanda**

Ceave me out of this
Don't want to talk about it

what's up
Anything Not really
Sisters Uh there No, maybe
Don't Know Haven't seen her
Might be in her room
Afraid that the
Am I recording is going to catch my "rudeness"?
. Don't want to discuss this with you?
(Not any say) Not whether I am or not + turn it off
your say —

⑤ 11/16/04

Rather take the    beep    right now
please hold on

Hello ——
      what?

what? what?
         iw said what —
Theet  Beeping    again

         Established there is a beeping.
Amanda states the above
Also established?  Criminally Offensive  looking at
Chapter 272 §99

"JackAss"    Comments towards me

      ( DROP IT


NOT GONNA STOP + MIGHT AS WEll
Leave it alone.
      " Paraphrased or illegally Quoted "

"Subpoena all recordings"

Beeping Continues

Nov 18th, 2004

Hello?

Beeping continues

Jessica IT'S WRONG

In bed, can't do anything.

Feeling Alright

yes tired

See ya Sunday.

Think so, probably

NOT GONNA TOLERATE.

Can you make it stop? In bed leave me alone