UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | | |
|---|---|---|
| SCOTT STERN,<br>   **Plaintiff** | )<br>)<br>) | **Civil Action No. 05-30082** |
| v. | )<br>) | **MEMORANDUM OF LAW** |
| MARY STERN, GARY MATTESON,<br>and EVAN EHMANN,<br>   **Defendants.** | )<br>)<br>)<br>)<br>) | **IN SUPPORT OF MOTION**<br>**TO DISMISS COMPLAINT**<br>**PURSUANT TO FED. R. CIV. P. 12(b)** |

## INTRODUCTION

In the above-captioned complaint, the plaintiff alleges that his ex-wife, Mary Stern, in conspiracy with her co-defendants Gary Matteson ("Matteson") and Evan Ehmann, did unlawfully tape record his phone conversations with his minor children. As to Matteson, the plaintiff asserts seven causes of action against him for this purported conspiracy (the 2nd, 6th, 8th, 10th, 12th, 18th, and 21st causes of action in the complaint). Six causes of action invoke state law rather than Federal law. The seventh cause of action fails to state a claim upon which relief can be granted. Accordingly, these seven causes of action against Matteson must be dismissed.

## I. THE COURT LACKS SUBJECT MATTER JURISDICTION FOR SIX OF THE SEVEN CAUSES OF ACTION ALLEGED AGAINST GARY MATTESON

Absent diversity jurisdiction, Federal District Courts have federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. §1331. The plaintiff has the burden of showing that subject matter jurisdiction does in fact exist. Aversa v. United States, 99 F.3d 1200, 1209 (1st Cir. 1996). "In ruling on a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P.12(b)(1), the district court

must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." Id. at 1209-1210.

A.    **The "Second Cause of Action Against Defendant Gary Matteson" for "Violation of Massachusetts General Law Chapter 272 §99" Is Based Solely on Massachusetts State Law**

The plaintiff alleges in paragraphs 78 through 81 that Matteson violated the Massachusetts state law prohibiting interception of wire and oral communications. This state law is statutory in nature, specific to the Commonwealth of Massachusetts, and does not arise under the Constitution, laws or treaties of the United States. The remedy for a violation of this state law is either criminal prosecution by the Commonwealth pursuant to G. L. c. 272, § 99(c) or a state civil action pursuant to G. L. c. 272, § 99(q).

Even with a liberal construction of the complaint and this cause of action specifically, no federal question is involved in this "Second Cause of Action" as it does not arise under the Constitution, laws or treaties of the United States. As a result, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1331. Therefore, this cause of action against Matteson must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

B.    **The "Sixth Cause of Action Against Defendant Gary Matteson" is Based Solely on Massachusetts State Law**

As with the "Second Cause of Action" against Matteson, the "Sixth Cause of Action" in paragraphs 93 through 96 alleges criminal harassment by Matteson in violation of G. L. c. 265, § 43A. A violation of this state statute is a crime subject to prosecution by the Commonwealth. No federal question is involved in this cause of action as it does not arise under the Constitution,

laws or treaties of the United States. Furthermore, no private action is even allowed in state court.

This Court lacks subject matter jurisdiction to hear this cause of action under 28 U.S.C. § 1331 and thus, this "Sixth Cause of Action" against Matteson must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### C.    The "Eighth Cause of Action Against Defendant Gary Matteson" is Based Solely on Massachusetts State Law

In paragraphs 102 through 106, the plaintiff alleges Matteson "alienate[d] the affections" of the minor children as the basis for his "Eighth Cause of Action" against him.[1]  The plaintiff asserts that Matteson "violated plaintiff's substantive, paternal, and legal relationship accorded by the Commonwealth of Massachusetts, under Article I (CVI), Article X, and Article XIV" presumably in reference to the Massachusetts State Constitution. See paragraph 104.

No allegation is made that Matteson "alienated" the children's affections under the Federal Constitution, laws, or treaties of the United States. This Court lacks subject matter jurisdiction to hear this cause of action and thus, the "Eighth Cause of Action" against Matteson must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### D.    The "Tenth Cause of Action Against Defendant Gary Matteson" Does Not Allege A Federal Question

The plaintiff alleges, in paragraphs 110 through 112, that Matteson has caused the plaintiff to suffer "intentional emotional distress and irreparable harm." The theory of liability as

---

[1] In Massachusetts, "[a]lienation of affection and criminal conversation shall not constitute an injury or wrong recognized by law, and no action, suit or proceeding shall be maintained therefor." G. L. c. 207, § 47B.

to this cause of action is unclear. State decisional law might provide for recovery under this theory of liability. See generally Dziokonski v. Babineau, 375 Mass. 555 (1978). However, even when construed liberally, no federal question arising under the Constitution, laws, or treaties of the United States can be discerned.

As there is no federal question raised by this "Tenth Cause of Action" against Matteson, the Court lacks subject matter jurisdiction to hear this claim. Accordingly, the "Tenth Cause of Action" must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

E.     **The "Eighteenth Cause of Action Against Defendant Gary Matteson" is Based Solely on Massachusetts State Law**

In paragraphs 138 through 142, the plaintiff alleges Matteson has violated G. L. c. 12, §§11H and 11I. He specifically quotes from these sections of the Massachusetts Civil Rights Law in paragraph 140. §11I which he reproduces in paragraph 140, provides for an individual to prosecute a civil action on their own behalf in State court. No federal question arising under the Constitution, laws, or treaties of the United States can be discerned.

The "Eighteenth Cause of Action" does not confer subject matter jurisdiction on this Court. Rather, jurisdiction for such a cause of action lies in Massachusetts state court. Accordingly, the claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

G.     **The "Twenty-First Cause of Action Against Defendant Gary Matteson" is Based Solely on Massachusetts State Law**

The plaintiff alleges in paragraphs 151 through 153 that Matteson has violated G. L. c. 214, §1B which confers a statutory right of privacy in Massachusetts. Most importantly, "The superior court shall have jurisdiction in equity to enforce such right and in connection therewith

-4-

to award damages." G. L. c. 214, §1B.  No federal question arising under the Constitution, laws, or treaties of the United States is raised by this cause of action.

Therefore, this Court lacks subject matter jurisdiction to hear this claimed violation of Massachusetts state law.  The "Twenty-First Cause of Action" against Matteson must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## II.    THREE CAUSES OF ACTION AGAINST GARY MATTESON FAIL TO STATE CLAIMS ON WHICH RELIEF CAN BE GRANTED BY THIS COURT

Dismissal of a complaint under Fed. R. Civ. P.12(b)(6) is appropriate if, after accepting as true all well-pleaded allegations and giving plaintiff the benefit of all reasonable inferences, the complaint presents no set of facts justifying recovery.  Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir 1999).  Plaintiff must set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.  Id. at 48.

### A.    Relief for the "Tenth Cause of Action Against Defendant Gary Matteson" is Not Available on the Facts Alleged

The plaintiff alleges that Matteson has caused the plaintiff to suffer "negligent intentional emotional distress and irreparable harm."  The theory of liability as to this cause of action is unclear.  The plaintiff appears to be alleging both negligence and intent.  Nonetheless, state decisional law may provide for recovery under this theory of liability.  See generally Dziokonski v. Babineau, 375 Mass. 555 (1978).  However, whether the emotional distress is inflicted negligently or intentionally, physical harm to the plaintiff is required.  Id. at 560 and 569.

Regardless of whether the plaintiff's theory is negligence or an intentional tort, he does

not allege any physical harm to himself as a result of Matteson's negligence and/or intent. Thus, as this "Tenth Cause of Action" is based solely on state common law and no allegation of physical harm is made, dismissal pursuant to Fed. R. P. 12(b)(6) is warranted.

**B.**    **Relief for the "Twelfth Cause of Action Against Defendant Gary Matteson" is Not Available on the Facts Alleged**

The plaintiff alleges that his Fourth Amendment right to be free from unreasonable search and seizure of his property has been violated by Matteson. However, the complaint only establishes that Matteson is a private citizen. There is no allegation in the complaint that Matteson is an agent, employee, or otherwise connected with the State. In order to make out an actionable Federal claim for violation of his Fourth Amendment rights, the plaintiff must establish that "...the government has been sufficiently involved in the challenged actions that it can be deemed responsible for the plaintiff's claimed injury." Yeo v. Town of Lexington, 131 F.3d 241, 248 (1st Cir. 1997). Therefore, "[i]f there is no state action, then the court may not impose constitutional obligations on (and thus restrict the freedom of) private actors" Id.

The plaintiff alleges no such "state action" by the government. Instead he asserts that Matteson, as a private actor, violated his constitutional rights and is therefore liable. As there are no facts pled or which can be proven establishing "state action", this "Twelfth Cause of Action" against Matteson must be dismissed for failure to state a claim upon which relief can be granted by this Court.

**C.**    **Relief for the "Eighteenth Cause of Action Against Defendant Gary Matteson" is Not Available on the Facts Alleged**

The plaintiff alleges Matteson has violated G. L. c. 12, §§11H and 11I. Relief in state

court is provided by §11I which allows an individual to prosecute a civil action on their own behalf in state court. This relief is conferred specifically by state statute. This statute is violated where there has been actual or potential physical confrontations involving a threat of harm. Planned Parenthood League of Massachusetts, Inc. v. Blake, 417 Mass. 467, 474-475 (1994). The plaintiff makes no factual allegations of Matteson threatening or causing any physical confrontation or harm.

Thus, this "Eighteenth Cause of Action" against Matteson must be dismissed for failure to state a claim upon which relief can be granted by this Court.

## III.    CONCLUSION

For the reasons discussed above, this Court, pursuant to Fed. R. Civ. P. 12(b)(1), must dismiss the 2nd, 6th, 8th, 10th, 18th, and 21st causes of action against defendant Matteson for lack of subject matter jurisdiction. In addition, pursuant to Fed. R. Civ. P. 12(b)(6), the 10th, 12th, and 18th causes of action against defendant Matteson must be dismissed for failure to state a claim upon which this Court can grant relief.

Dated:    9|8|05

Respectfully submitted,
GARY MATTESON, defendant
by his attorney,

Edward F. Berlin, BBO# 039900
The Law Firm of Edward F. Berlin, P.C.
278 Main Street, Suite 205
Greenfield, MA 01301
Phone: 413.774.4800
Fax:    413.774.4803

## Certificate of Service

I hereby certify that a true copy of the above document was served upon each party appearing pro

-7-

se and the attorney of record for each other party by mail on _____ 9/8 _____, 2005.

Dated:    9/8/05

Edward F. Berlin