UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30082

SCOTT STERN,
            Plaintiff

v.

MARY STERN, GARY MATTESON,
and EVAN EHMANN,
            Defendants



## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, MARY STERN'S, MOTION TO DISMISS THE COMPLAINT

### I. INTRODUCTION

The Plaintiff, Scott Stern, essentially alleges that his ex-wife, the Defendant, Mary Stern, conspired with Co-Defendants Gary Matteson and Evan Ehmann, by unlawfully tape-recording telephone conversations between the Plaintiff and his minor children.

### II. ARGUMENT

#### A. The Court Lacks Subject Matter Jurisdiction for Six of the Seven Causes of Action Alleged Against the Defendant, Mary Stern.

The Plaintiff claims under the First, Fourth, Fifth, Seventh, Ninth, Seventeenth, and Twentieth Causes of Action against Mary Stern do not fall within the Court's jurisdiction. There is no diversity jurisdiction in the instant case, as the Plaintiff has not alleged that the Defendants are citizens of different states. *See* 28 U.S.C. § 1332; *see also Plaintiff's Complaint*, p. 1, p. 22 (Paragraphs 45-46). Neither do the above-referenced claims fall under federal question jurisdiction; that is, they do not "arise under" the United States' Constitution, its laws and/or its treaties. *See* 28 U.S.C. §1331.

According to the First Circuit Court of Appeals, in reviewing a motion to dismiss for lack of subject matter jurisdiction, the court must "draw all reasonable inferences in favor of" the Plaintiff. Templeton Bd., Sewer C. v. Am. Tissue Mills, 352 F.3d 33, 36 (1st Cir. 2003)(citing Aversa v. United States, 99 F.3d 1200,1210 [1st Cir. 1996]). Nevertheless, the party opposing the motion to dismiss for lack of subject matter jurisdiction bears the burden of proving that subject matter jurisdiction exists. See Thompson v. Gaskill, 315 U.S. 442, 446 (1942); Hoover v. Gershman Inv. Corp., 774 F.Supp. 60, 63 (D. Mass. 1991).

1. **The Plaintiff Cannot Show Federal Question Jurisdiction with Reference to the "First Cause of Action Against Defendant Mary Jane Stern," As Such Claim Is Based Upon State Law.**

The Plaintiff bases his "First Cause of Action" on a state statute, specifically, Massachusetts General Laws, c. 272, § 99. In Paragraphs 74 through 77 of his Complaint, the Plaintiff specifically cites the state law upon which this "First Cause of Action" is based, and vaguely alleges that Mary Stern acted "in violation of plaintiff's rights accorded by the United States Constitution and laws." See *Plaintiff's Complaint*, Paragraphs 75-77. The Plaintiff's "First Cause of Action" does not arise under the Constitution, laws or treaties of the United States. Moreover, the state statute itself provides for non-federal remedies. See M.G.L. c. 272, §§ 99(C) and (Q)(providing for state criminal penalties and state civil action respectively). Therefore, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1331 and the "First Cause of Action" against Mary Stern must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

2. **The Probate Court Has Exclusive Jurisdiction Over the "Fourth Cause of Action Against Defendant Mary Jane Stern."**

The Plaintiff's "Fourth Cause of Action Against Defendant Mary Jane Stern," "Breach of Contract," is based on the premise that Mary Stern violated the *Judgment of Divorce Nisi* between herself and the Plaintiff, "and the Agreement of the Parties entered into by the defendant

and the plaintiff, inter alia, that the defendant would not violate the 'personal liberties' of the plaintiff." *See Plaintiff's Complaint*, p. 33, Paragraph 87. According to the Plaintiff himself, the *Judgment of Divorce Nisi* ("the Judgment") and the Agreement to which he refers each were ordered and/or governed by the "Hampshire Probate and Family Court." *See Plaintiff's Complaint, "Preliminary Statement,"* Paragraph "5)." Moreover, the Plaintiff himself alludes to the Probate and Family Court's jurisdiction over disputes related to the Judgment and Agreement. *See Plaintiff's Complaint, Factual Background*, Paragraphs 45, 47-49. Indeed, the Plaintiff alleges that Mary Stern breached the terms of the Judgment and Agreement by allegedly moving their minor children last year "without informing the Plaintiff of any change of address," thereby allegedly being "in violation of the Judgment" and "in Contempt of Court *of the Hampshire Probate and Family Court.*" (emphasis supplied). *See Plaintiff's Complaint, Factual Background*, p. 22, Paragraphs 45 and 47.

The Fourth Cause of Action cannot be heard by this Court since, under the domestic relations exception to federal court jurisdiction, the Plaintiff is essentially asking the Court to enforce a "divorce…or custody decree." *Cf.* Mandel v. Town of Orleans, 233 F.Supp.2d 232, 234 (D. Mass. 2002)(holding that the domestic relations exception did not apply, and thus the court did have jurisdiction, since the court was not being asked "to issue, alter, or invalidate and divorce, alimony, or custody decree"). The case of Mandel differs from the current case in that, while Mandel involved issues related to custody orders "and other domestic relations issues," that lawsuit was not between divorced parties or based on divorced parties' alleged breach of the terms of the divorce decree as is the instant case. *Id.* at 234. Indeed, in Mandel, the court noted that the plaintiff's ex-spouse, the father of the children, was "not a party to this proceeding." *Id.* at 235.

The recent First Circuit case of <u>Norton v. McOsker</u>, LoisLaw 03-2281 (1st Cir. 2005) sheds light on the Plaintiff's breach of contract claim. The <u>Norton</u> court, like the <u>Mandel</u> court, dispensed with the plaintiff's argument that the federal district court should have remanded her claims to state court pursuant to the domestic relations exception. *Id.* at p. 3. In <u>Norton</u>, the plaintiff's claims did sound in tort and contract claims, however as noted by the court:

> Notwithstanding the fact that this case has grown out of the dissolution of an intimate relationship, Norton's claims do not sound in family law, let alone the specific areas of divorce, alimony, and child support.

*Id.*

In contrast, the current Plaintiff himself cites the Probate and Family Court Judgment and Agreement as the bases upon which he brings his breach of contract claim. See discussion supra. To allow the Plaintiff to dress his claim, which is really simply one for contempt, in federal garb, flies in the face of the policy behind the domestic relations exception. *See* <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 704 (1992)(noting "the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of [divorce, alimony, and child custody] decrees").

Finally, under Massachusetts General Laws Chapter 215, § 34:

> Probate courts shall have like power and authority for enforcing orders, sentences, judgments and decrees made or pronounced in the exercise of any jurisdiction vested in them, and for punishing contempts of such orders, sentences, judgments and decrees and other contempts of their authority, as are vested for such or similar purposes in the supreme judicial or superior court in relation to an action in which equitable relief is sought pending therein.

Based on the foregoing case law and above-quoted statutory language, the Plaintiff's "Fourth Cause of Action" belongs in the Probate and Family Court, and this Court does not have subject matter jurisdiction over this claim.

### 3. State Law Governs the Plaintiff's "Fifth Cause of Action."

The Plaintiff bases his "Fifth Cause of Action Against Defendant Mary Jane Stern," "Criminal Harassment," on Massachusetts General Laws Chapter 265, § 43A. This cause of action as it does not "arise under" the United States Constitution, federal law and/or treaties. Section 43A of M.G.L. c. 265 provides for criminal penalties of a fine and/or imprisonment. Thus, this "Fifth Cause of Action" must be dismissed under Fed. R Civ. P. 12(b)(1).

### 4. State Law Governs the Plaintiff's "Seventh Cause of Action."

As with the foregoing causes of action cited thus far in Section II.A. of this Memorandum, the Plaintiff relies on state law as the basis for his "Seventh Cause of Action Against Defendant Mary Jane Stern." *See Plaintiff's Complaint*, Paragraph 99. One is hard-pressed to see how this claim even remotely relates to the U.S. Constitution, federal law, and/or treaties. Given that the Court thus lacks subject matter jurisdiction to hear this state-based claim, the Defendant, Mary Stern, respectfully requests that the Court dismiss this count pursuant to Fed. R. Civ.P. 12(b)(1).

### 5. The Court Lacks Jurisdiction Over the Plaintiff's "Ninth Cause of Action."

In his "Ninth Cause of Action Against the Defendant Mary Jane Stern" the Plaintiff confusingly alleges "Negligent Intentional Infliction of Emotional Distress" and "Irreparable Harm." The Plaintiff does not cite or even hint at any federal law with reference to this claim. As stated above, the Plaintiff bears the burden of proving that subject matter jurisdiction exists, and has failed to do so. *See* Thompson, 315 U.S. at 446; Hoover, 774 F.Supp. at 63 (D. Mass. 1991). Therefore, this Ninth Cause of Action should be dismissed under Fed. R. Civ. P. 12(b)(6).

### 6. State Law Governs the Plaintiff's "Seventeenth Cause of Action."

The Plaintiff's "Seventeenth Cause of Action Against the Defendant Mary Jane Stern" alleges violations of M.G.L c. 12, §§ 11H and 11I. The Plaintiff cites the case of Folmsbee v. Tech Tool Grinding & Supply, Inc., 417 Mass. 388 (1994) for the provisions of this statute upon which he bases this claim. *See Plaintiff's Complaint*, p. 42, Paragraphs 134-135. Notably, the case of Folmsby was a civil action commenced in the Superior Court by the plaintiff. Folmsbee, 417 Mass. at 388-389. Likewise, the Plaintiff's "Seventeenth Cause of Action" should have been brought in state court. Since there does not appear to be a federal question "arising under" the U.S. Constitution, its laws, or its treaties, and thus the Court has no subject matter jurisdiction over the "Seventeenth Cause of Action," this count must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### 7. State Law Governs the Plaintiff's "Twentieth Cause of Action."

The Plaintiff's "Twentieth Cause of Action Against the Defendant Mary Jane Stern" alleges that the Mary Stern violated the Plaintiff's right of privacy, pursuant to M.G.L. c. 214, § 1B. The statutory language itself specifies that the jurisdiction lies with the Superior Court. *See* M.G.L. c. 214, §1B. Given that the Plaintiff's "Twentieth Cause of Action" is rooted in state law, there is no federal question and thus this Court lacks subject matter jurisdiction. The Plaintiff's "Twentieth Cause of Action" should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### 8. State Law Governs the Plaintiff's "Thirteenth Cause of Action."

The Plaintiff does not appear to allege a violation of a federal statute with regard to any claim for invasion of privacy. As such, and claim for invasion of privacy should be addressed under state law in the superior court. The statutory language itself specifies that the jurisdiction lies with the Superior Court. *See* M.G.L. c. 214, §1B; *see also Plaintiff's Complaint*, p. 3,

Paragraph 3 (referring to M.G.L. c. 214, § 1B). Given that the Plaintiff's "Thirteenth Cause of Action" is rooted in state law, there is no federal question and thus this Court lacks subject matter jurisdiction. The Plaintiff's "Thirteenth Cause of Action" should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### B. Three of the Plaintiff's Causes of Action Against the Defendant, Mary Stern, Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6).

The facts alleged in the Plaintiff's Complaint will be treated as true, and "all reasonable inferences therefrom" drawn in the Plaintiff's favor in the Court's assessment of the Defendant's, Mary Stern's, Motion to Dismiss certain of the Plaintiff's Causes of Action pursuant to Fed. R. Civ. P. 12(b)(6). Educadores Puertorriquenos En Accion v. Hernandez, 367 F.3d 61, 62 (1st Cir. 2004)(citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 [1st Cir. 1998]). A *pro se* plaintiff's allegations may be dismissed where "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 [1957]). Even under this standard, the Defendant, Mary Stern, submits that the following Causes of Action should be dismissed for failure to state a claim upon which relief may be granted, for the reasons to follow.

#### 1. The Plaintiff's Claim Under His "Ninth Cause of Action" Fails for Want of the Element of Physical Harm.

In his "Ninth Cause of Action," in which he confusingly alleges "Negligent Intentional Infliction of Emotional Distress," and "Irreparable Harm," the Plaintiff fails to set forth the claim that he has been physically harmed by such alleged negligent and/or intentional emotional distress. Even though the requirement for physical harm has been broadened by Massachusetts courts over time, the cause of action of negligent infliction of emotional distress nevertheless

requires objective evidence that the plaintiff has suffered more than "mere upset, dismay, humiliation, grief and anger." Rodriguez v. Cambridge Housing Authority, 443 Mass. 697, 701-702 (2005).

The Plaintiff has only vaguely alleged that he has suffered "irreparable injury" and has "been injured" as a result of Mary Stern's alleged "negligent intentional" infliction of emotional distress. *See Plaintiff's Complaint*, p. 37, Paragraphs 107-109. Even considering the Plaintiff's allegations outside of the Ninth Cause of Action, which the Plaintiff has incorporated therein, it appears that the Plaintiff *is* only alleging the above-referenced, non-actionable, "mere upset, dismay, humiliation, grief and anger." *See e.g., Plaintiff's Complaint,* p. 6, Paragraph 17 (alleging that the Defendants' alleged behavior has served to "defame, ridicule, demoralize and demean the plaintiff").

As for intentional infliction of emotional distress, the Plaintiff cannot show that Mary Stern's alleged behavior rose to the level of "extreme and outrageous" needed to relieve the Plaintiff of showing that he suffered physical harm. See Payton v. Abbott Labs, 386 Mass. 540, 547 (1982). Because the Plaintiff's "Ninth Cause of Action" is rooted in state law, and there is no indication that the Plaintiff suffered physical harm or that Mary Stern's alleged behavior was extreme and outrageous, the Court should dismiss the Ninth Cause of Action pursuant to Fed. R. Civ. P. 12(b)(6).

### 2. The Plaintiff's Eleventh Cause of Action Fails Since the Defendant, Mary Stern, Is Not An Agent and/or Employee of the State.

In the Eleventh Cause of Action, the Plaintiff alleges that Mary Stern has violated the Plaintiff's "Federal Constitutional Rights [under the] Fourth Amendment-Unreasonable Search and Seizure." *See Plaintiff's Complaint*, p. 38. However, to be considered to have violated the Plaintiff's constitutional rights in this arena, the Plaintiff must show that the *state* has had

significant involvement in causing the harm. *See e.g.* Yeo v. Town of Lexington, 131 F.3d 241, 248 (1st Cir. 1997). Under Yeo, Mary Stern, as a private citizen rather than a state actor or agent of the state, cannot be found to have violated the Plaintiff's federal constitutional right against unreasonable search and seizure, and therefore the Plaintiff's claim in this realm fails pursuant to Fed. R. Civ. P. 12(b)(6). *See id.*

### 3. The Plaintiff's Seventeenth Cause of Action Fails to State A Claim Upon Which Relief May Be Granted.

To be sure, a Plaintiff may bring a cause of action in state court under Massachusetts General Laws Chapter 12, §§ 11H and 11I. *See* M.G.L. c. 12, § 11H (attorney general may bring an action in a county superior court); M.G.L. c. 12, § 11I (individual may bring civil action). The Supreme Judicial Court of Massachusetts has delineated the meaning of "threats, intimidation, or coercion" in Planned Parenthood League of Massachusetts, Inc. v. Blake, 417 Mass. 467, 474-475 (1994). Given the SJC's definitions, it is clear that the Plaintiff cannot establish that the Plaintiff violated M.G.L. c. 12, §§ 11H and 11I. The SJC announced:

> The trial judge defined the words in terms that we accept.
> "Threat" in this context involves the intentional exertion of pressure
> to make another fearful or apprehensive of injury or harm....
> "Intimidation" involves putting in fear for the purpose of compelling
> or deterring conduct. *See* Redgrave v. Boston Symphony Orchestra, Inc.,
> *supra*; Delaney v. Chief of Police of Wareham, *supra* ("creation of fear
> to compel conduct"). In Deas v. Dempsey, 403 Mass. 468, 471 (1988),
> we quoted a definition of coercion from Webster's New International
> Dictionary at 519 (2d ed. 1959): "the application to another of
> such force, either physical or moral, as to constrain him to do against his
> will something he would not otherwise have done." *See*
> Delaney v. Chief of Police of Wareham, *supra* ("the active domination of
> another's will").

*Id.* The Plaintiff falls far short of alleging such behavior on the part of Mary Stern. Therefore, this "Seventeenth Cause of Action" against Mary Stern must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### C. The Plaintiff's Complaint Should Be Dismissed for Otherwise Failing to Comply with The Federal Rules of Civil Procedure Regarding Service of Process.

The Plaintiff's Complaint should be dismissed as the Plaintiff failed to serve the Defendant, Mary Stern, with process within 120 days of filing the Complaint, as mandated by Rule 4(m) of the Fed. R. Civ. P.

### III. CONCLUSION

For all of the foregoing reasons and pursuant to Fed. R. Civ. P. 12(b)(1), the Court must dismiss the First, Fourth, Fifth, Seventh, Ninth, Thirteenth, Seventeenth, and Twentieth Causes of Action Against the Defendant, Mary Stern, for lack of subject matter jurisdiction. Moreover, the Ninth, Eleventh, and Seventeenth Causes of Action Against the Defendant, Mary Stern must also be dismissed for failure to state a claim upon which relief can be granted by this Court.

Respectfully submitted,

The Defendant
MARY STERN
By Her Attorney

/s/ Erin C. Wyllie
ERIN C. WYLLIE, ESQ.
BBO No. 557192
Andrus & Wyllie, P.C.
16 Center Court
Northampton, MA 01060
Telephone No.: (413)586-8066
Facsimile No.: (413)585-1643

Date: September 13, 2005

10

Certificate of Service

I, Erin C. Wyllie, hereby certify that a true copy of the foregoing document was served mailing a copy, postage prepaid, United States mail, to the Plaintiff, Scott Stern, at his address of 400 West Main Street, North Adams, Massachusetts, and by mailing a copy to Counsel of Record for the Defendants this 13th day of September 2005.

*Erin C. Wyllie*
Erin C. Wyllie