United States District Court
District of Massachusetts
Western Division

Springfield, Massachusetts                Civil Action No.05-30082

| | |
|---|---|
| Scott Stern, | ) Motion to Stay of Proceedings |
|             Plaintiff | ) |
| v | ) |
| Mary Jane Stern, et al | ) |
|             Defendants | ) |

Now comes plaintiff and moves this United States District Court to stay proceedings of the Hampshire Probate and Family Court docket no. 90-D0490-D1 for the reasons stated herein.

Plaintiff instituted Complaints for Custody and Complaints for modification two years ago in the Hampshire Probate and Family Court in order to remedy wrongs committed by the defendant Mary Jane Stern.

In cross-complaint, defendant has sought Sole Legal Custody of the three minor children.

During this interim, the defendant, along with co-conspirators engaged in illegal wiretapping of the your moving party and the three minor children.

Wherein if the proceedings are maintained in the Hampshire Probate and Family Court, your moving party, may suffer the irreparable harm of losing Shared Legal Custody of three minor children. The loss

Motion to Stay Proceedings

1

of this standing will deny plaintiff other rights accorded by the United States Constitution and the Massachusetts Constitution.

Under the All Writs Act, 28 U.S.C. §1651(a) Mandamus may be employed to confine an inferior court to a lawful exercise of prescribed jurisdiction, or when there is an usurpation of judicial power. Schlagenhauf v. Holder, 379 U.S. 104 (1964).

Your moving party has not seen the three minor children on a regular and consistent basis pursuant to the court order of the Hampshire Probate and Family Court and the Honorable Judge Geoffrey Wilson has openly stated that "he cannot make plaintiff's ex-wife produce the children for visitation."

Your moving party received, on order by Judge Wilson, an order stipulating that an attorney named to represent the three minor children "can modify visitation by her discretion" contrary to the rights accorded the Hampshire Probate and Family Court, the Massachusetts laws, the Massachusetts Constitution, and the United States Constitution and judicial decisions of the federal courts.

Your moving party is praying that the Court will order this stay, since it was plaintiff that instituted these proceedings in the Hampshire Probate and Family Court and they are well within 28 U.S.C. §2283 in which the defendant Mary Jane Stern has violated plaintiff's civil rights, within the purview of the Hampshire Probate & Family Court, and your moving party has sought remedy with the appellate

courts of Massachusetts, with no success, an appeal of the egregious decision of the Honorable Judge Geoffrey Wilson.

Your moving party is praying that this Court will order this stay because this litigation is "important", "novel" and "legally complex" of a claim that would benefit further study by the state and federal courts. 63 U.S.L.W. 3705; Lackey v. Wayne Scott, 885 F. Supp. 958

Feldman v Pennroad Corp states:

"When application was made to federal court to enjoin proceedings in state court, duty devolved upon federal court to determine whether petition had alleged facts for which relief was prohibited by predecessor to 28 USCS §2283 or whether equities of case required that injunction issue despite statutory limitations. Feldman v Pennroad Corp (1945, DC Del) 60 F. Supp 716, affd (1946, CA3 Del), 155 F2nd 773, cert den (1946), 329 US 808, 91 L Ed 690, 67 S Ct 621.

Under 28 USCS §2283:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

Under 42 USCS §1983, statutory exceptions:

"42 USCS §1983, authorizing suit in equity to redress deprivation, under color of state law, of federal constitutional rights, constitutes "expressly authorized" exception to 28 USCS §2283 prohibiting federal courts from granting injunctions staying court

Motion to Stay Proceedings

proceedings "except as expressly authorized by Act of Congress", and Federal District Court errs when it holds that, because of §2283, it is without power in action under 42 USCS §1983 to enjoin proceeding pending in state court under any circumstances whatsoever." Mitchum v Foster (1972) 407 US 225, 32 L Ed 2d 705, 92 S Ct 2151

"There is no doubt that action under Civil Rights Act of 1871 falls within exception to 28 USCS §2283" J. v Bar Asso. Of Eried County (1975, CA2 NY) 515 F2d 435, cert den (1975) 423 US 840, 46 L Ed 2d 60, 96 S Ct 71.

"Where claim has been alleged under 42 USCS §1983, federal court is not prohibited by anti-injunction statute from sitting as court of equity to consider matters alleged in complaint" Killian v Philadephia (1974, ED Pa) 377 F Supp 988.

"Prohibition of enjoining of state proceedings contained in 28 USCS §2283 has no application in case brought under 42 USCS §1983 since §1983 contains express statutory exception" Orlando v Wizel (1978, WD Ark) 443 F Supp 744, 2 Fed Rules Evidence Serv 886.

"42 USCS §1983 is exception to 28 USCS §2283 that is explicitly authorized by Congress" Smith v Borman (2004, ED Mich) 344 F Supp 2d 1030.

"Exceptions to anti-injunction statute would include actions brought under 42 USCS §1983, unless state proceedings are criminal in nature or where state administrative proceedings were already begun and

were similar to criminal proceedings." Ferrer Delgado v Sylvia De Jesus (976, DC Puerto Rico) 440 F Supp 979.

"Civil Rights Act exception can afford no escape from strictures of 28 USCS §2283, where plaintiff's complaint relates to alleged judicial error and **not to alleged invasion of federal constitutional or other federal rights under color of state law**, underlying ultimate complaint of plaintiffs that federal officers have refused to recognize that plaintiffs have rights which they have asserted." Caramico v Romney (1972, ED NY) 390 F Supp 210, affd on other grounds (1974, CA2 NY) 509 F2d 694.

Denial of this motion will have irreparable harm to the plaintiff, your moving party.

"Despite provisions of 28 USCS §2283 to effect that federal courts may not grant injunction to stay proceedings in state court except as expressly authorized by Congress, where there is threat of irreparable injury, clear and imminent, injunctive relief against proceedings pending in state courts will be granted; Duncan v Perez (1971, CA5 La) 445 F2d 557, cert den (1971) 404 US 940, 30 L Ed 2d 254, 92 S Ct 282.

"Civil Rights Act, 42 USCS §1983, grants federal court power to enjoin state criminal proceedings; delicate balance of federal-state relation, however, dictates restraint in exercise of such power." Lane v McDevitt (1966 ED Pa) 255 F Supp 413.

Motion to Stay Proceedings

Your moving party prays for this exception wherein the actions of the Hampshire Probate and Family Court, if continued, could violate the civil rights of this plaintiff and render further meaningless this parents failed attempt to continue a loving and nurturing relationship with three minor children. The nature of this proceedings, in the United States District Court, could determine the outcome of the Hampshire Probate and Family Court issue of Custody of the three minor children. Defendants conviction of violation of either Massachusetts or Federal law would warrant a "material change in circumstance" and would grant your moving party, the constitutional right to the "custody, care and maintenance" of the three minor children.

Wherefore, for the aforementioned reasons, your moving party, plaintiff, prays this court will stay the proceedings of the Hampshire Probate and Family Court on account that the plaintiff's constitutional right to the "society and companionship" and "custody, care and maintenance" of three minor children, under color of state law, by violating his civil rights, is imminent, clear and of such a serious nature to deprive plaintiff of his civil rights accorded under 42 USCS §1983 and,

Wherefore, for the aforementioned reasons, your moving party, plaintiff, is seeking stay of proceedings by the Hampshire Probate and Family Court, whereby your moving party is seeking review by the Supreme Judicial Court of Massachusetts and prays that the United States District Court will order this stay until this federal action is

litigated or it is remanded to the Massachusetts Superior Court for litigation consistent with federal and state law.

Most respectfully submitted this 19 day of September, 2005

*Scott Stern*
Scott Stern
Pro-Se Plaintiff
400 West Main Street
North Adams, Massachusetts 01247