**LONG & HOULDEN**
100 SUMMER STREET
BOSTON, MASSACHUSETTS 02110
TEL. (617) 439-4777 * FAX (617) 439-3153

*ROBERT A. LONG, JR.*
*MICHAEL S. HOULDEN*
*JOHN F. LEAHY, JR.*
*RICHARD J. POLIFERNO*
*STEVEN M. O'BRIEN*

*PAUL A. LADAS*
*KATHLEEN M. GREELEY*
*DIANE COLE LAINE*
*JOSEPH LABADINI*

September 26, 2005

**VIA OVERNIGHT MAIL**
Clerk's Office
United States District Court
District of Massachusetts
Western Division
1550 Main Street
Springfield, MA  01103

Re:  Scott Stern v. Mary Stern, et al
     Civil Action No. 05-30082

Dear Clerk:

Enclosed for filing in the above-captioned matter is:

1) DEFENDANT, EVAN EHMANN'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED.R.CIV.P.12(b); and

2) MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, EVAN EHMANN'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b).

Very truly yours,

Richard J. Poliferno

RJP/gmd
Encs.
Cc: Scott Stern, pro se
    Erin Wyllie, Esq.
    Edward F. Berlin, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30082

SCOTT STERN,

    Plaintiff

v.

MARY STERN, GARY MATTESON,
and EVAN EHMANN,

    Defendants

**DEFENDANT, EVAN EHMANN'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)**

Defendant Evan Ehmann ("Ehmann"), one of the defendants in the above-titled complaint, for himself only, and separately from the remaining defendants named herein, moves the Court to dismiss all of the causes of action alleged against him in plaintiff's complaint on the grounds of failure to state a claim upon which relief can be granted (Fed. R. Civ. P. 12(b)(6)) and on the grounds of a lack of subject matter jurisdiction (Fed. R. Civ. P. 12(b)(1)). In support of the defendant, Ehmann's motion to dismiss, a Memorandum of Law is attached.

Respectfully Submitted,
The Defendant, Evan Ehmann
By His Attorneys,

_/s/ Richard J. Poliferno_

Richard J. Poliferno, Esq.
BBO # 402120
Long & Houlden
100 Summer Street, 11th Floor
Boston, MA 02110
Tel: 617-439-4777

CERTIFICATE OF SERVICE
I, Attorney for EHMANN, hereby certify that I, this day, served a copy of the within document(s) by (hand) (first class mail, postage prepaid) to all counsel of record. /s/ RJP
BBO# 402120
DATE: 9/26/05

Date: Sept. 26, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30082

SCOTT STERN,

        Plaintiff

v.

MARY STERN, GARY MATTESON,
and EVAN EHMANN,

        Defendants

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, EVAN EHMANN'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)

### INTRODUCTION

In the above-captioned complaint, the plaintiff alleges that his ex-wife, Mary Stern, in conspiracy with co-defendant Gary Matteson and a court-appointed guardian ad litem, co-defendant Evan Ehmann, did unlawfully tape record his phone conversations with his minor children.

As to Ehmann, the plaintiff asserts six causes of action against him for this purported conspiracy (the 3rd, 14th, 15th, 16th, 19th, and 22nd causes of action in the complaint). Five of the six causes of action invoke state law rather than Federal law. All six causes of action fail to state a claim against Ehmann upon which relief can be granted, because, as a Guardian Ad Litem appointed by a probate and family court justice, Ehmann is entitled to absolute immunity from suit. Cok v. Cosentino, 876 F. 2d 1 (1st Cir. 1989). Accordingly, all the alleged causes of action against Ehmann must be dismissed.

I. **AS A COURT-APPOINTED GUARDIAN AD LITEM, THE DEFENDANT, EHMANN, IS ENTITLED TO ABSOLUTE IMMUNITY FROM SUIT**

A guardian ad litem is a non-judicial person fulfilling quasi-judicial functions, typically gathering information, preparing a report, and making a recommendation to a family court regarding such matters as child custody. Cok v. Cosentino, 876 F. 2d 1 (1st Cir. 1989). As agents of the court, guardians ad litem share in the family court judge's absolute immunity and are absolutely immune from civil liability for any quasi-judicial act. Cok v. Cosentino, 876 F.2d 1 (1st Cir. 1989). The purpose of judicial immunity is to preserve the integrity of the legal process by allowing judges and agents of the court to act upon their own convictions without fear of personal consequences. Namey v. Reilly, 926 F. Supp. 5, (D. Mass. 1996) (Tauro, J., granting motion to dismiss claims against officials protected by absolute quasi-judicial immunity). Particularly pertinent here, immunity also serves to protect from "vexatious actions prosecuted by disgruntled litigants." Namey, 926 F. Supp. at 8 (quoting Forrester v. White, 484 U.S. 219, 225 (1988)).

In order to serve its purpose, the doctrine must be far reaching. It provides not a defense, but immunity, and thus the protection it provides is not just from liability, but from suit itself. It is only by prompt, summary disposition of such claims that judicial immunity can serve its purpose.

The protective cloak of absolute immunity has been extended to a variety of persons who, at the request of the court, perform quasi-judicial functions.

Judicial immunity is extended to persons other than judges because their roles are often functionally comparable to those of judges. See, e.g., Brown v. Newberger, 291 F. 3d 89 (1st Cir. 2002) (court-appointed child evaluators entitled to absolute immunity); Rogers v. Janzen, 711 F. Supp. 306, (E.D. La, 1989) (court-appointed psychologists entitled to absolute immunity).

Because of the emotional nature of the litigation and frequent judicial need for assistance, the doctrine of quasi-judicial immunity is frequently invoked in the probate law field. Contested custody matters are highly complex factually, often involve dramatically conflicting testimony about basically private interactions, and are very emotionally charged for the participants. For these reasons, probate judges are frequently in need of in-depth inquiry and recommendations by third-persons in such proceedings. The persons who respond to judicial requests for assistance invariably disappoint, and sometimes infuriate, one or both of the parties with their findings. For this reason, numerous cases exist which extend quasi-judicial immunity to neutrals, who make custody and visitation recommendations.

The First Circuit has held that persons appointed by the Massachusetts Probate and Family Court to evaluate sexual abuse allegations were entitled to absolute quasi-judicial immunity. Brown v. Newberger, 291 F.3d 89, 94-95 (3rd Cir. 2002). The First Circuit noted that the evaluators were operating at the request of the court, and they submitted reports to the court which the court accepted and considered. Id. The First Circuit reasoned that the functions performed by the evaluators - information gathering, reporting, and

recommending - were within those entitled to absolute quasi-judicial immunity. Id.

The guardian ad litem in the instant case, the defendant, Evan Ehmann, is likewise entitled to absolute immunity from suit, and, therefore, plaintiff's instant complaint must be dismissed.

## II.   THE COURT LACKS SUBJECT MATTER JURISDICTION FOR FIVE OF THE SIX CAUSES OF ACTION ALLEGED AGAINST THE DEFENDANT, EVAN EHMANN

Absent diversity jurisdiction, Federal District Courts have federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. There is no diversity jurisdiction in the instant case, and the plaintiff has not alleged that the defendants are citizens of different states. 28 U.S.C. § 1332. Neither do the above referenced claims fall under federal question jurisdiction; they do not "arise under" the United States Constitution, its laws and/or its treaties. The plaintiff has the burden of showing that subject matter jurisdiction does in fact exist. Thompson v. Gaskill, 315 U.S. 442, 446 (1942); Aversa v. United States, 99F. 3d 1200, 1209 (1st Cir. 1996); Hoover v. Gershman Inv. Corp., 774 F. Supp. 60, 63 (D. Mass. 1991). In ruling on a motion to dismiss for lack of subject matter jurisdiction, the court must construe the complaint liberally, treating all well-pleaded facts as true and drawing all reasonable inferences in favor of the plaintiff. Templeton Bd. Sewer C. v. Am. Tissue Mills, 352 F. 3d 33, 36 (!st Cir. 2003).

A.   **The "Third Cause of Action Against Defendant Evan Ehmann" and the "Fourteenth Cause of Action Against Defendant Evan Ehmann " for "Violation of Massachusetts General Law Chapter 272, §99" Are Based Solely on Massachusetts State Law**

The plaintiff alleges in paragraphs 82 - 85 and 123 - 125 that Matteson violated the Massachusetts state law prohibiting interception of wire and oral communications. This state law is statutory in nature, specific to the Commonwealth of Massachusetts, and does not arise under the Constitution, laws or treaties of the United States. The remedy for a violation of this state law is either criminal prosecution by the Commonwealth pursuant to G. L. c. 272, § 99(C) or a state civil action pursuant to G. L. c. 272, § 99(Q).

Even with a liberal construction of the complaint and this cause of action specifically, no federal question is involved in plaintiff's "Third Cause of Action" or "Fourteenth Cause of Action" as it does not arise under the Constitution, laws or treaties of the United States. As a result, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1331. Therefore, this cause of action against Ehmann must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

B.   **The "Sixteenth Cause of Action Against Defendant Evan Ehmann" is Based Solely on Massachusetts State Law**

In paragraphs 129 – 131, the plaintiff alleges a violation of state constitutional rights under Article I (CVI), Article X and Article XIV of the Massachusetts Constitution. The plaintiff's allegations do not arise under the Constitution, laws or treaties of the United States. This court lacks subject matter jurisdiction of this cause of

action and thus the "Sixteenth Cause of Action" must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### C. The "Nineteenth Cause of Action Against Defendant Evan Ehmann" is Based Solely on Massachusetts State Law

In paragraphs 143 - 147, the plaintiff alleges Ehmann has violated G. L. c. 12, §11 I and §11 H. He specifically quotes from these sections of the Massachusetts Civil Rights Law in paragraph 145. Section 11 I, which he reproduces in paragraph 145, provides for an individual to prosecute a civil action on their own behalf in state court. No federal question arising under the Constitution, laws, or treaties of the United States can be discerned.

The "Nineteenth Cause of Action" does not confer subject matter jurisdiction on this Court. Rather, jurisdiction for such a cause of action lies in Massachusetts state court. Accordingly, the claim must be dismissed pursuant to Fed. R. Civ. P. 1 2(b)(1).

### D. The "Twenty-Second Cause of Action Against Defendant Evan Ehmann" is Based Solely on Massachusetts State Law

The plaintiff alleges in paragraphs 154 - 156 that Matteson has violated G. L. c. 214, § lB which confers a statutory right of privacy in Massachusetts. Most importantly, "The superior court shall have jurisdiction in equity to enforce such right and in connection therewith to award damages." M. G. L. c. 214, §1B. No federal question arising under the Constitution, laws, or treaties of the United States is raised by this cause of action.

Therefore, this Court lacks subject matter jurisdiction to hear this claimed violation of Massachusetts state law. The "Twenty-Second Cause of Action" against Ehmann must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(1).

## III. PLAINTIFF'S FIFTEENTH AND NINETEENTH CAUSES OF ACTION ALLEGED AGAINST EVAN EHMANN FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BY THIS COURT

Dismissal of a complaint under Fed. R. Civ. P.12(b)(6) is appropriate if, after accepting as true all well-pleaded allegations and giving plaintiff the benefit of all reasonable inferences, the complaint presents no set of facts justifying recovery. Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir 1999). Plaintiff must set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory Id. at 48.

### A. Relief for the "Fifteenth Cause of Action Against Defendant Evan Ehmann" is Not Available on the Facts Alleged

In his "Fifteenth Cause of Action Against Defendant, Evan Ehmann, the plaintiff alleges that his Fourth Amendment right to be free from unreasonable search and seizure of his property has been violated by Ehmann. He states, in paragraph 127 of his complaint, that: "By the act and action of receiving, transporting and listening to illegally wiretapped conversations between the plaintiff and his three minor children, the defendant, Evan Ehmann, in an appointed position of Guardian Ad Litem, for the Hampshire Probate and Family Court, an entity of the Massachusetts General Court, of

the Commonwealth of Massachusetts, did violate plaintiff's right to be free from unreasonable search and seizure of his person and property." As discussed earlier in part I of this Memorandum, guardians ad litem are absolutely immune from civil liability for any quasi-judicial act. Cok v. Cosentino, 876 F.2d 1, (1st Cir. 1989). As a guardian ad litem appointed by the Hampshire Probate and Family Court, the defendant, Evan Ehmann is entitled to absolute immunity from the lawsuit brought by the plaintiff, Scott Stern. .

. Plaintiff's "Fifteenth Cause of Action" against Ehmann must be dismissed for failure to state a claim upon which relief can be granted by this Court.

### B. Relief for the "Nineteenth Cause of Action Against Defendant Evan Ehmann" is Not Available on the Facts Alleged

In his "Nineteenth Cause of Action Against Defendant, Evan Ehmann", the plaintiff alleges Ehmann has violated G. L. c. 12, §11 H and §11 I. Relief in state court is provided by §11 I which allows an individual to prosecute a civil action on their own behalf in state court. This relief is conferred specifically by state statute. This statute is violated where there has been an actual or potential physical confrontation involving a threat of harm. Planned Parenthood League of Massachusetts, Inc. v. Blake 417 Mass. 467, 474-475 (1994). The plaintiff makes no factual allegations of Ehmann threatening or causing any physical confrontation or harm.

Thus, this "Nineteenth Cause of Action" against Ehmann must be dismissed for failure to state a claim upon which relief can be granted by this Court.

## IV. CONCLUSION

For the reasons discussed above, this Court, pursuant to Fed. R. Civ. P. 12(b)(6), and 12(b)(1) must dismiss all of the causes of action against the defendant, Evan Ehmann.

Respectfully Submitted,

The Defendant
Evan Ehmann
By His Attorneys

_____
Richard J. Polifermo, Esq.
BBO# 402120
Long & Houlden
100 Summer Street, 11th Floor
Boston, MA 02110
Tel: 617-439-4777

Sept. 26, 2005
Date

CERTIFICATE OF SERVICE
I, Attorney for EHMANN, hereby certify that I, this day, served a copy of the within document(s) by (hand) (first class mail, postage prepaid) to all counsel of record.
_____
BBO# 402120
DATE: 9/26/05