UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SCOTT STERN,                          )
        Plaintiff            )
    v.                                )    Civil Action No. 05-30082-MAP
                                      )
MARY STERN, GARY MATTESON             )
and EVAN EHMANN, LICSW,               )
        Defendants           )


REPORT AND RECOMMENDATION REGARDING DEFENDANTS'
MOTIONS TO DISMISS (Document Nos. 9, 11 and 16)
November 21, 2005

NEIMAN, U.S.M.J.

Presently before the court are three separate motions to dismiss Scott Stern ("Plaintiff")'s *pro se* complaint. Dismissal is sought pursuant to Fed. R. Civ. P. 12(b)(1) and (6) by each defendant: Plaintiff's ex-wife, Mary Stern ("Mary"); the man Mary is now living with, Gary Matteson ("Matteson"); and Evan Ehmann ("Ehmann"), a licensed social worker and *guardian ad litem* for Plaintiff and Mary's children (collectively "Defendants"). Defendants' motions have been referred to this court for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). For the following reasons, the court will recommend that each motion be allowed.

I. STANDARD OF REVIEW

Rule 12(b)(1) empowers a party to seek dismissal of an action for "lack of jurisdiction over the subject matter," and Rule 12(b)(6) allows a complaint to be

dismissed for "fail[ing] to state a claim upon which relief can be granted." Both rules require the court to construe the complaint's allegations in favor of the plaintiff, the non-moving party. See *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Negron-Gaztambide v. Hernandez-Torres*, 35 F.3d 25, 27 (1st Cir. 1994). In addition, when a plaintiff proceeds *pro se*, his allegations are entitled to a liberal construction no matter how inartfully pleaded. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. BACKGROUND

According to the complaint, Plaintiff and Mary were married on May 6, 1988, and divorced on August 31, 1994. (Complaint at 8.) During the six years of what Plaintiff characterizes as a "failed marriage," he and Mary "created three minor children." (*Id.*) In December of 2004, Mary and the children moved to Matteson's domicile in Bernardston, Massachusetts. (*Id.* at 22.) Liberally construed, the complaint's fifty pages allege that Mary, in conspiracy with Matteson and Ehmann, unlawfully tape-recorded conversations Plaintiff had with his children while they were living in Bernardston. (See, *e.g.*, *id.* at 2.) Plaintiff seeks damages and injunctive relief.

Plaintiff's complaint lists twenty-two causes of action as follows: violations of Mass. Gen. L. ch. 272, § 99 (first, second, third and fourteenth causes of action); breach of contract (fourth cause of action); criminal harassment in violation of Mass. Gen. L. ch. 265, § 43A (fifth and sixth causes of action); various violations of the Massachusetts Constitution (seventh, eighth and sixteenth causes of action) and the Massachusetts Civil Rights Act, Mass. Gen. L. ch. 12, §§ 11H and 11I (seventeenth, eighteenth and nineteenth causes of action); negligent infliction of emotional distress

(ninth and tenth causes of action); violations of Mass. Gen. L. ch. 214, § 1B (twentieth, twenty-first and twenty-second causes of action); an invasion of Plaintiff's federal constitutional "right to privacy" by Mary (thirteenth cause of action); and a violation of the Fourth Amendment to the United States Constitution (eleventh, twelfth and fifteenth causes of action).

### III.  DISCUSSION

Of Plaintiff's myriad claims, only four ostensibly raise federal questions, the constitutional "right to privacy" claim which targets Mary (thirteenth cause of action) and the Fourth Amendment claims which are directed at all three defendants (eleventh, twelfth and fifteenth causes of action). These claims purport to arise pursuant to 42 U.S.C. § 1983. However, since neither Mary nor Matteson are state actors, they cannot be sued under that statute for alleged constitutional violations. *See Yeo v. Town of Lexington*, 131 F.3d 241, 248-49 (1st Cir. 1997) ("If there is no state action, then the court may not impose constitutional obligations on (and thus restrict the freedom of) private actors."). And Ehmann, even assuming he is a state actor by virtue of his role as *guardian ad litem* for Plaintiff's three children, is absolutely immune from suit. *See Cok v. Cosentino*, 876 F.2d 1, 3 (1st Cir. 1989). Accordingly, the court will recommend that Defendants' motions to dismiss be allowed with respect to the eleventh, twelfth, thirteenth and fifteenth causes of action.

Assuming dismissal of Plaintiff's federal claims, grounds no longer exist for federal subject matter jurisdiction. Of course, the court might choose to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(a).

Generally, however, federal courts will refuse to exercise such jurisdiction when, as suggested here, the federal claims drop out "well before the commencement of trial." *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). In addition, "[f]ederal courts have traditionally declined to exercise jurisdiction over matters involving domestic relations." *Rago v. Samaroo*, 344 F. Supp.2d 309, 314 (D. Mass. 2004) (citing, *inter alia*, *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12-13 (2004)). Accordingly, the court will recommend that supplemental jurisdiction over Plaintiff's state-law claims be declined and, as a result, that the entire complaint be dismissed.

### IV. CONCLUSION

For the foregoing reasons, the court recommends that Defendants' motions to dismiss be ALLOWED.[1]

DATED: November 21, 2005

---

[3] The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Secretary of Health & Human Services*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

                                        <u>/s/ Kenneth P. Neiman</u>
                                        KENNETH P. NEIMAN
                                        U.S. Magistrate Judge