```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MASSACHUSETTS


SCOTT STERN,                  )
      Plaintiff               )
                              )
            v.                )  C.A. NO. 05-30082-MAP
                              )
MARY STERN, ET AL,            )
      Defendants              )
```

### MEMORANDUM AND ORDER RE: REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTIONS TO DISMISS
(Docket Nos. 22, 9, 11 & 16)

February 27, 2006

PONSOR, D.J.

This is an action brought by Plaintiff under 42 U.S.C. § 1983, seeking damages and other relief for violation of Plaintiff's Fourth Amendment rights and for violation of his right to privacy, against Plaintiff's ex-wife, Mary Stern; the individual Plaintiff's ex-wife is now living with, Gary Matteson; and Evan Ehmann, a Licenced Social Worker and Guardian <u>Ad</u> <u>Litem</u> for Plaintiff's and Mary Stern's children.

All three Defendants have filed Motions to Dismiss this complaint. These motions were referred to Magistrate Judge Kenneth P. Neiman, and on November 21, 2005, Magistrate Judge Neiman issued his Report and Recommendation, to the effect that all three motions should be allowed. Plaintiff thereafter filed a timely objection to the Report and Recommendation and these motions are now before this court.

Upon <u>de novo</u> review, this court hereby ADOPTS the Report and Recommendation of Magistrate Judge Neiman dated November 21, 2005 and allows the three Motions to Dismiss. Despite vigorous argument by Plaintiff, and his apparently sincere sense of grievance, the absence of any state action on the face of the complaint is fatal to any alleged cause of action pursuant to § 1983. To the extent that the Guardian <u>Ad Litem</u> might be considered a state actor (and this seems highly doubtful), he is absolutely protected by immunity. <u>See</u> <u>Cok v. Cosentino</u>, 876 F.2d 1, 3 (1st Cir. 1989).

Federal courts have limited jurisdiction, extending only to matters under federal law. Since the only federal causes of action in this case are transparently unsupportable, the court will exercise its discretion to dismiss all the pendent state law claims. <u>See</u> <u>United Mineworkers v. Gibbs</u>, 383 U.S. 715, 726 (1966). Plaintiff, of course, retains the right to pursue all of his state law claims in state court.

For the foregoing reasons, Defendants' Motions to Dismiss (Docket Nos. 9, 11 & 16) are hereby ALLOWED. The clerk will enter judgment of dismissal for Defendants. This case may now be closed.

It is So Ordered.

/s/ Michael A. Ponsor  
MICHAEL A. PONSOR

                                                U. S. District Judge