

United States District Court
District of Massachusetts
Western Division

Springfield, Massachusetts                    Civil Action No.05-30082

Scott Stern,                    )    MOTION FOR RECONSIDERATION OF ORDER DATED
                                )    FEBRUARY 27, 2006
                                )
            Plaintiff           )
                                )
v                               )
                                )
Mary Jane Stern, et al          )
                                )
            Defendants          )
_____  )

     Now comes Plaintiff, an aggrieved individual, a person who has

standing to sue, an individual that has shown that an injury has

occurred, to his person and character, has personal property stolen

without his authorization and consent, an aggrieved individual seeking

a redress of grievances by and under the Constitution of the United

States, in order to right the wrongs of the three individuals that

infringed plaintiff's right to privacy and other liberties guaranteed

by the United States Constitution, by means of illegally wiretapping

conversations between your moving party and his five minor children,

to employ these illegally wiretapped conversations in the Probate and

Family Court of Hampshire County, and, have succeeded in denying

plaintiff's rights and liberties to the "custody, control, maintenance,

society and companionship" of his three minor children, moves this

Honorable Court for a MOTION FOR RECONSIDERATION OF ORDER DATED

FEBRUARY 27, 2006, and;

     WHEREIN, your moving party sought, and was granted, by the

Honorable Judge Geoffrey Wilson, the redaction of three pages of the

Guardian Ad Litem's Report of November 29, 2004, and did thereby,

issue order relative to the redaction of the illegally wiretapped
conversations pursuant to Federal Code 18 USC 2515, and;

WHEREIN, your moving party, humbly submits this order for this
Court's judicious review of plaintiff's sincere prayer to reexamine
the merits of this case and controversy before it, and;

WHEREIN, Alexander Hamilton explained in *The Federalist No. 78*
that with the existence of a written constitution which prohibits
legislative authority from doing certain things such as passing *ex-post
facto* laws, bills of attainder, or abridging freedom of speech or press
(and many other things), such prohibitions and limitations can be
preserved in practice no other way than through courts. It is the
court's duty "to declare all acts contrary to the manifest tenor of the
constitution void. Without this, all the reservations of particular
rights or privileges would amount to nothing.", and;

WHEREIN, to quote again from the Federalist No. 78:

"The interpretation of the laws is the proper and
peculiar province of the courts. A constitution is, in fact,
and must be regarded by the judges, as a fundamental law. It
therefore belongs to them to ascertain its meaning, as well as
the meaning of any particular act proceeding from the legislative
body," and;

WHEREIN, On February 24, 2006, we celebrated the 203rd
anniversary of the case of *Marbury v. Madison 1 Cranch 137; 2 L. Ed 60
(1803)*. This case has been called by the late Chief Justice William
Rehnquist "the most famous case ever decided by the United States
Supreme Court." The Court in that case, speaking through the great
Chief Justice John Marshall, recognized the power of judicial review to
determine a law's compliance with the constitution. The Marbury Court
did not create judicial review out of whole cloth. It is clear that

this concept was implicit in the separation of powers doctrine, and;

WHEREIN, In *Marbury v Madison*, 1 Cranch 137; 2 L. Ed. 60 (1803), then, Chief Justice John Marshall was expounding well-known contemporary principles when he stated that "it is emphatically the province and duty of the judicial department to say what the law is." It is no overstatement to proclaim, as have both Chief Justice William Rehnquist and Associate Justice Ruth Bader Ginsburg, that independent courts and the power of judges to pronounce on the constitutionality of government action constitute the jewel in our Constitution's crown, and;

WHEREIN, the freedom of the people has been safeguarded by judges doing their duty and giving meaning and life to those rights reserved in the constitution, and;

WHEREIN, judicial review gives meaning to the rule of law, and;

WHEREIN, The idea of an independent judiciary coupled with the role of the judiciary to enforce constitutional rights truly makes real the protection of liberties, and;

WHEREIN, the preceding paragraphs to this MOTION FOR RECONSIDERATION are derived in part from the remarks by United States District Court Judge Dale A. Kimball on May 1, 2003, at the annual Law Day Luncheon sponsored by the Utah State Bar's Young Lawyers Division, and;

WHEREIN, your moving party has a personal stake in the outcome of this instant matter, has standing to sue, has a concrete adverseness which "sharpens and shapes the issues", has shown injury, the three minor children no longer have a constant and continual relationship with the plaintiff, your moving party, by and because of the egregious, willful, malicious acts and actions of the three defendants, and the

injury will be addressed by a favorable decision, and;

FILED

WHEREIN, the Honorable First Circuit Judge Michael A. Ponsor's decision and reliance on Cok v. Cosentino, 876 F.2d 1, 3 (1st Cir. 1989) is a case that is in conflict with the Supreme law of the United States, the Constitution of the United States, and it's fourth amendment therein, and;

WHEREIN, the judicial decision of the First Circuit on this point of law is in direct conflict with Federal Statutory law and applicable codes that individuals, such as the Guardian Ad Litem, the defendant, are exempt from prosecution for illegally wiretapping individuals such as the plaintiff, without judicial authority, judicial supervision, warrant, and do so, under "color of state law", and;

WHEREIN, the judicial decision of February 28, 2006 by the Honorable Judge Michael A. Ponsor, did thereby state:

"To the extent that the Guardian Ad Litem might be considered a state actor (and this seems highly doubtful), he is absolutely protected by immunity."

WHEREIN, the aforementioned statement does not preclude judicial review of the Guardian Ad Litem's role as a "arm of the court" having been appointed by the Probate and Family Court, and having been paid by the Hampshire Probate and Family Court, a branch of the Commonwealth of Massachusetts to perform investigatory functions for the Commonwealth of Massachusetts judicial branch, and;

WHEREIN, the doctrine of absolute judicial immunity and quasi-judicial immunity are creatures of the courts, and are not founded by statutory law of the United States, and;

WHEREIN, 42 USC 1983 creates a private right of action to redress Deprivations under color of state law of any federal rights, privileges or immunities. The purpose of section 1983, according to the United

USDC MOTION FOR RECONSIDERATION, STERN V STERN, ET AL                    4

States Supreme Court, was "to interpose the federal courts between the States and the people, as guardians of the people's federal rights—to protect the people from unconstitutional action under color of state law, 'whether that action be executive, legislative, or judicial.'" (Mitchum v. Foster, (1972) 407 U.S. 225, 242)

WHEREIN, the United States Supreme Court in *Griswold v. Connecticut,* 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965), and *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), which for the first time established a constitutional right to privacy, did not address the government's dissemination of embarrassing information properly obtained by government. Rather the focus of those cases and the cases following them has been the intrusion by government regulation and prohibition into the especially intimate aspects of a person's life implicated in procreation and childbearing.

WHEREIN, the instant matter consists of intimate conversations between a parent and child, by a paid Guardian Ad Litem from the funds of the Commonwealth of Massachusetts, appointed by a Judge of the Probate and Family Court, in his official capacity as a Judge of the Probate and Family Court, paid by the Commonwealth of Massachusetts' funds accordingly, and the illegally wiretapped conversations were not proper and authorized by any legislative, executive or judicial branch of the Federal or State government, and;

WHEREIN the term "highly doubtful", employed by the Honorable Michael A. Ponsor, United States District Judge, does not preclude that the Guardian Ad Litem is not absolutely positively unequivocally immune for violating the rights of the plaintiff, and;

WHEREIN, the Supreme Judicial Court did thereby state, In re Opinion of the Justices to the Senate, 712 N.E.2d 83 Mass.,1999 "Every word and phrase in the Constitution was intended and has

meaning, and such words and phrases must be presumed to have been

chosen advisedly; they must be given their ordinary meaning, and

construed to accomplish a reasonable result."

WHEREIN, the Federal statute construction of 18 USC 2511

does thereby state "any person" to be inclusive of Guardian Ad Litem's

including the defendant herein named, and;

WHEREIN, Massachusetts General Law Chapter 12 §11H does thereby

state:

"Whenever any person or persons, whether or not acting under color

of law, interfere by threats, intimidation or coercion, or attempt to

interfere by threats, intimidation or coercion, with the exercise or

enjoyment by any other person or persons of rights secured by the

constitution or laws of the United States, or of rights secured by the

constitution or laws of the commonwealth, the attorney general may

bring a civil action for injunctive or other appropriate equitable

relief in order to protect the peaceable exercise or enjoyment of the

right or rights secured. Said civil action shall be brought in the name

of the commonwealth and shall be instituted either in the superior

court for the county in which the conduct complained of occurred or in

the superior court for the county in which the person whose conduct

complained of resides or has his principal place of business."

WHEREIN, Massachusetts General Law Chapter 12 §11I does thereby

state:

"Any person whose exercise or enjoyment of rights secured by the

constitution or laws of the United States, or of rights secured by the

constitution or laws of the commonwealth, has been interfered with, or

attempted to be interfered with, as described in section 11H, may

institute and prosecute in his own name and on his own behalf a civil

action for injunctive and other appropriate equitable relief as
provided for in said section, including the award of compensatory money
damages. Any aggrieved person or persons who prevail in an action
authorized by this section shall be entitled to an award of the costs
of the litigation and reasonable attorneys' fees in an amount to be
fixed by the court."

WHEREIN, Massachusetts General Law chapter 272 §99 does thereby
state "any person" to be inclusive of Guardian Ad Litem's including
the defendant herein named, and;

WHEREIN, the Honorable Howard M. Metzenbaum, A United States
Senator, from the State of Ohio, did thereby state in a hearing before
the Subcommittee on Criminal Law of the Committee on the Judiciary
United States Senate, 98th Congress, Second Session, June 13, 1984:

"Now, why is this legislation needed?...Because secret taping of
telephone calls by government officials is a clear infringement on the
fundamental right to privacy of the people of this country.  As New
York Times Columnist William Safire has observed, this practice is "an
offense against good government" ...

WHEREIN, the Honorable Howard M. Metzenbaum, A United States
Senator, from the State of Ohio, did thereby state in a hearing before
the Subcommittee on Criminal Law of the Committee on the Judiciary
United States Senate, 98th Congress, Second Session, June 13, 1984:

"The bill before us today is designed to get the attention of
the Federal bureaucracy.  And I might say, parenthetically, that some
question has been raised as to whether or not the bill, by its terms,
does or should include restrictions with respect to those of us who are
members of the Congress as well as members of the judiciary, and I
certainly would think that we should be included, and the judiciary, as
well, and I certainly intended, and I am sure that Senator Bumpers

FILED
'S OFFICE
intended, no exception."

WHEREIN, the Honorable Howard M. Metzenbaum, A United States
Senator, from the State of Ohio, did thereby state in a hearing before
the Subcommittee on Criminal Law of the Committee on the Judiciary
United States Senate, 98th Congress, Second Session, June 13, 1984
did thereby state on June 13, 1984 at said hearing:

"Nineteen States have already enacted legislation to restrict
secret taping of telephone calls. They include: Arkansas, California,
Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Maryland,
Massachusetts, Michigan, Montana, North Carolina, Ohio, Oklahoma,
Pennsylvania, Tennessee, Washington, and Wyoming."

WHEREIN, statutory construction of the term "any person" would
not allow the defendant Guardian Ad Litem to be above the law to
violate the rights of your moving party, and;

WHEREIN, the Supreme Court of the United States in U.S. v Lee,
106 U.S. 196, 220 (1882) did thereby proclaim to be the law of the land
that:

"No man in this country is so high that he is above the law, No
officer of the law may set that law at defiance with impunity. All the
officers of the government, from the highest to the lowest, are
creatures of the law, and are bound to obey it. It is the only supreme
power in our system of government, and every man who by accepting
office participates in its functions is only the more strongly bound to
submit to that supremacy, and to observe the limitations which it
imposes upon the exercise of the authority which it gives."

WHEREIN, the Supreme Court of the United States in United States
v. Benanti, 244 F.2d 389 (C.A.2 1957) did thereby rule:

"State officers, tapping telephone wires, intercepting telephone

communication by one subsequently tried in federal court for illegal

possession and transportation of cans of alcohol without tax stamps

affixed, and divulging at trial what they overheard, violated Federal

Communications Act, despite state court's issuance of warrant

authorizing such tapping pursuant to state law. 26 U.S.C.A.

(I.R.C.1954) §§ 5008(b)(1), 5642; Communications Act of 1934,

§ 605, 47 U.S.C.A. § 605...that section 605 of the Federal

Communications Act, rendering it a crime to intercept telephone

conversations and divulge their contents, applies to telephone

conversations intercepted by State and well as Federal officials."

WHEREIN, the Supreme Court of the United States in Weiss v.

United States, 308 U.S. 321, 60 S.Ct. 269, 84 L.Ed. 298. Section 605 of

47 U.S.C.A. is too explicit to warrant any other inference,[FN1] and the

Weiss case made its terms applicable to intrastate communications. The

section provides:

"no person not being authorized by the sender shall intercept any

communication and divulge or publish the existence, contents,

substance, purport, effect, or meaning of such intercepted

communication to any person."

WHEREIN, pursuant to Massachusetts General Law M.G.L.A. 215 §

56A:

"Any judge of a probate court may appoint a guardian ad

litem to investigate the facts of any proceeding pending in said court

relating to or involving questions as to the care, custody or

maintenance of minor children and as to any matter involving domestic

relations except those for the investigation of which provision is made

by section sixteen of chapter two hundred and eight. Said guardian ad

litem shall, before final judgment or decree in such proceeding, report

in writing to the court the results of the investigation, and such

FILED
'S OFFICE
2006 MAR 23 P 2: 58

report shall be open to inspection to all the parties in such
proceeding or their attorneys. The compensation shall be fixed by the
court and shall be paid by the commonwealth, together with any expense
approved by the court, upon certificate by the judge to the state
treasurer. The state police, local police and probation officers shall
assist the guardian ad litem so appointed, upon his request."

WHEREIN, Massachusetts General Law Chapter 258 §1 Claims and
Indemnity Procedure for the Commonwealth, Its Municipalities, Counties
and Districts and the Officers and Employees Thereof does thereby
state:

""Public employer", the commonwealth and any county, city, town,
educational collaborative, or district, including any public health
district or joint district or regional health district or regional
health board established pursuant to the provisions of section twenty-
seven A or twenty-seven B of chapter one hundred and eleven, and any
department, office, commission, committee, council, board, division,
bureau, institution, agency or authority thereof including a local
water and sewer commission including a municipal gas or electric plant,
a municipal lighting plant or cooperative which operates a
telecommunications system pursuant to section 47E of chapter 164,
department, board and commission, which exercises direction and control
over the public employee, but not a private contractor with any such
public employer, the Massachusetts Bay Transportation Authority, the
Massachusetts Port Authority, the Massachusetts Turnpike Authority, or
any other independent body politic and corporate. With respect to
public employees of a school committee of a city or town, the public
employer for the purposes of this chapter shall be deemed to be said
respective city or town."

FILED

WHEREIN, Massachusetts General Law Chapter 258 §1 Claims and
Indemnity Procedure for the Commonwealth, Its Municipalities, Counties
and Districts and the Officers and Employees Thereof does thereby
state:

""Public employee", elected or appointed, officers or employees
of any public employer, whether serving full or part-time, temporary or
permanent, compensated or uncompensated, and officers or soldiers of
the military forces of the commonwealth. For purposes of this chapter,
the term "public employee" shall include an approved or licensed foster
caregiver with respect to claims against such caregiver by a child in
the temporary custody and care of such caregiver or an adult in the
care of such caregiver for injury or death caused by the conduct of
such caregiver; provided, however, that such conduct was not
intentional, or wanton and willful, or grossly negligent. For this
purpose, a caregiver of adults means a member of a foster family, or
any other individual, who is under contract with an adult foster care
provider as defined and certified by the division of medical
assistance."

WHEREIN, Massachusetts General Law Chapter M.G.L.A. 258 § 2 does
thereby state:

"**Liability; exclusiveness of remedy; cooperation of public
employee; subsequent actions; representation by public attorney**

"Public employers shall be liable for injury or loss of property
or personal injury or death caused by the negligent or wrongful act or
omission of any public employee while acting within the scope of his
office or employment, in the same manner and to the same extent as a
private individual under like circumstances, except that public
employers shall not be liable to levy of execution on any real and
personal property to satisfy judgment, and shall not be liable for

FILED
IN'S OFFICE
2006 MAR 23

interest prior to judgment or for punitive damages or for any amount in excess of one hundred thousand dollars. The remedies provided by this chapter shall be exclusive of any other civil action or proceeding by reason of the same subject matter against the public employer or, the public employee or his estate whose negligent or wrongful act or omission gave rise to such claim, and no such public employee or the estate of such public employee shall be liable for any injury or loss of property or personal injury or death caused by his negligent or wrongful act or omission while acting within the scope of his office or employment; provided, however, that a public employee shall provide reasonable cooperation to the public employer in the defense of any action brought under this chapter. Failure to provide such reasonable cooperation on the part of a public employee shall cause the public employee to be jointly liable with the public employer, to the extent that the failure to provide reasonable cooperation prejudiced the defense of the action. Information obtained from the public employee in providing such reasonable cooperation may not be used as evidence in any disciplinary action against the employee. Final judgment in an action brought against a public employer under this chapter shall constitute a complete bar to any action by a party to such judgment against such public employer or public employee by reason of the same subject matter.

Notwithstanding that a public employee shall not be liable for negligent or wrongful acts as described in the preceding paragraph, if a cause of action is improperly commenced against a public employee of the commonwealth alleging injury or loss of property or personal injury or death as the result of the negligent or wrongful act or omission of such employee, said employee may request representation by the public

attorney of the commonwealth. The public attorney shall defend the public employee with respect to the cause of action at no cost to the public employee; provided, however, that the public attorney determines that the public employee was acting within the scope of his office or employment at the time of the alleged loss, injury, or death, and, further, that said public employee provides reasonable cooperation to the public employer and public attorney in the defense of any action arising out of the same subject matter. If, in the opinion of the public attorney, representation of the public employee, under this paragraph would result in a conflict of interest, the public attorney shall not be required to represent the public employee. Under said circumstances, the commonwealth shall reimburse the public employee for reasonable attorney fees incurred by the public employee in his defense of the cause of action; provided, however, that the same conditions exist which are required for representation of said employee by the public attorney under this paragraph."

WHEREIN, Massachusetts General Law Chapter 211 B section 1 does thereby state:

"TRIAL COURT OF THE COMMONWEALTH. Section 1.

There shall be a trial court of the commonwealth which shall consist of the following departments: the superior court department, the housing court department, the land court department, the probate and family court department, the Boston municipal court department, the juvenile court department and district court department. The trial court, as an administrative unit, shall consist of no more than 378 justices and special justices. There shall be selected as herein after provided, a chief justice for administration and management and a chief justice for each of the departments of the trial court."

WHEREIN, the defendant Guardian Ad Litem, Evan Ehmann, without

FILED
     ...'S OFFICE
     2006 MAR 23  P  2: 50

proper judicial authority, supervision or warrant did thereby exceed

His mandate as appointed by the Court and did thereby violate the

rights and liberties of the plaintiff, your moving party, in which the

public attorney did not elect to represent the Guardian Ad Litem

for the fact that the Guardian Ad Litem had exceeded his mandate in

investigating for the Probate and Family Court, a sub-division of the

Commonwealth of Massachusetts, a department thereof, and an entity

capable of suing or being sued, for negligent and intentional wrongful

acts, and;

WHEREIN, the Supreme Court of the United States *in Ex Parte

Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908) did thereby

State:

"It is most true that this court will not take jurisdiction if

it should not; but it is equally true that it must take jurisdiction if

it should. The judiciary cannot, as the legislature may, avoid a

measure because it approaches the confines of the Constitution. We

cannot pass it by because it is doubtful. With whatever doubts, with

whatever difficulties, a case may be attended, we must decide it, if it

be brought before us. We have no more right to decline the exercise of

jurisdiction which is given, than to usurp that which is not given. The

one or the other would be treason to the Constitution. Questions may

occur which we would gladly avoid, but we cannot avoid them. All we can

do is to exercise our best judgment, and conscientiously to perform our

duty."

WHEREFORE, plaintiff prays for the judicious review of the merits

of this case on the grounds that the Honorable Judge Geoffrey

Wilson, employed federal statutory law and code, in Judge Wilson's

decision to redact certain writings, herein attached, by the

Guardian Ad Litem, a state actor, in the Hampshire Probate and Family
Court in the Report of the Guardian Ad Litem of November 29, 2004 and
plaintiff apologizes to this Honorable Court for not submitting
this document to the court prior to the Honorable Judge Kenneth P.
Neiman's recommendation and findings, and;

WHEREFORE, a "de novo" review, would not be inclusive of the
Recommendation and Findings of the Honorable Judge Kenneth P. Neiman,
of whom, this aggrieved party had initially declined the Honorable
Judge Kenneth P. Neiman's participation and review of this instant
matter, and did thereby request this matter to be heard directly
before the United States District Judge Michael A. Ponsor, and;

WHEREFORE, your moving party, prays that the United States
District Court shall grant a favorable decision to this MOTION FOR
RECONSIDERATION to redress the injury's against him by the three co-
conspirators, and, in the alternative, shall certify that this case
and controversy is in conflict with the United States Constitution and
Federal Law and grant Plaintiff's Notice of Appeal to the First Circuit
Court of Appeals regarding the merits and issues of this instant
matter.

WHEREFORE your moving party avers to this court, that this case
is a real case and controversy before it, and it has implications
beyond the First Circuit Court of Appeals in the United States of
America regarding an individuals right to privacy and other issues.

Most humbly and respectfully submitted this 23 day of March 2006.

Scott Stern
All Rights Reserved without Prejudice
Pro-Se Plaintiff
400 West Main Street
North Adams, Massachusetts 01247



The Commonwealth of Massachusetts
The Trial Court
Hampshire Probate and Family Court

Hampshire, ss.

Scott Stern,
400 West Main Street
North Adams, Massachusetts   01247,
              Plaintiff

         vs.
Mary Stern
404 Brattleboro Road
Bernardston, MA.   01337,
              Defendant

Docket No. 90D0490D1

)  MOTION TO STRIKE THE GUARDIAN AD
)  LITEM'S REPORT of Evan Ehmann, Licsw
)  dated November 29, 2004 in Docket No.
)  90-D0490-D1 and the Guardian Ad Litem
)  should be ordered to reimburse the
)  Commonwealth of Massachusetts.
)

      Now comes plaintiff and moves this court to Motion to Strike the

Guardian Ad Litem of Evan Ehmann, Licsw dated November 29, 2004 for the

following reasons.

      The Guardian Ad Litem report submitted by Evan Ehmann, Licsw is

admission of the Guardian Ad Litem of violating Massachusetts General Law

Chapter 272 §99.   The Guardian Ad Litem, acted, under color of law, to aid

and abet the defendant to illegally wiretap the plaintiff during eight (8)

months of the year 2004 in violation of Massachusetts General Law Chapter 272

§99.

      The Guardian Ad Litem report, submitted by Evan Ehmann, Licsw,

corroborates that the Defendant Mary Jane Stern violated plaintiff's

constitutional rights, invaded plaintiff's right of privacy, violated

plaintiff's property rights and violated plaintiff's personal liberties under

the United States Constitution, first, fifth and fourteenth amendments.

Specifically violating plaintiff's rights under United States Code 18 §2510

and §2511 and 42 U.S.C. §1983

      Under the Code of Federal Regulations 18 U.S.C. §2515:

Prohibition of use as evidence of intercepted wire or oral communications.

1



FILED
CLERK OFFICE
2006 MAR 23 P 3: 50

"Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of this chapter (18 U.S.C. §2510)  Under Federal law, no illegally recorded conversations may be allowed in any court of the United States.

The Guardian Ad Litem report of November 29, 2004 is inconsistent with the mandate issued by this court and failed to reunify the plaintiff with the three minor children and "parentified" the children by allowing the children the right to make the decision to continue or not continue visitation with their father.

The Guardian Ad Litem report of November 29, 2004, submitted by Evan Ehmann, Licsw, did not once interview the three minor children with the father, the plaintiff in this action, at any time during the investigative stage, but merely attempted to develop his "social work" analysis based on illegally wiretapped conversations and separate interviews of the plaintiff and the three minor children.

The Guardian Ad Litem report of November 29, 2004, submitted by Evan Ehmann, Licsw, exceeded his mandate by interviewing the plaintiff with plaintiff's other two minor children which had no relevancy to this case.

Plaintiff maintains a consistent, loving and nurturing atmosphere with his other two minor children and the Guardian Ad Litem's visit involving these two minor children exceeded his mandate of this court.

The Guardian Ad Litem report of November 29, 2004, submitted by Evan Ehmann, Licsw, minimized the illegal wiretapping act and actions of the

2

defendant, minimized the act and actions of the defendant allowing the three
minor children access to court documents over years.          FILED
                                                            'S OFFICE
    In General, the Guardian Ad Litem Evan Ehmann, Licsw, and the report
itself, is a disgrace to the Profession of Licensed Social Workers and a
                                                         2006 MAR 23  P 4: 50
formal complaint is in process against Evan Ehmann, Licsw.

    Notwithstanding this formal complaint, action has been filed against
the defendant, defendant's partner, and Evan Ehmann, Licsw in United States
District Court for violations of plaintiffs civil rights, and violations of
Federal and State law.  A copy of the complaint submitted to the United
States District Court has been hand delivered to the United States District
Attorney and the Federal Bureau of Investigation.

    The Guardian Ad Litem report of November 29, 2004, submitted by Evan
Ehmann, Licsw, proved that Evan Ehmann, acting under color of law, conspired
and colluded with the defendant in illegally wiretapping the plaintiff, and
the plaintiff's three minor children; violating plaintiff rights accorded by
the United States Constitution and the Massachusetts State Constitution.

    The Guardian Ad Litem report of November 29, 2004, submitted by Evan
Ehmann, Licsw, corroborates that Evan Ehmann, received stolen property,
illegally recorded conversations, of the plaintiff, without plaintiff's
knowledge and consent, and do bring dishonor to this honorable court.

    The Guardian Ad Litem's report should be struck from the record in its
entirety.

    Wherefore, for the aforementioned reasons, the Guardian Ad Litem's
report of November 29, 2004 should be struck from the record and the Guardian
Ad Litem should be ordered to reimburse the Commonwealth of Massachusetts
Probate and Family Court for an investigation wrought with deceit, stolen
property, illegally wiretapped conversations, and violations of plaintiffs
substantive, legal and paternal rights.

This motion and proposed order should be allowed.

Most respectfully submitted on this 11th day of April, 2005.

FILED
IN OFFICE
2005 MAR 23 P 4: 50

_Scott Stern_

Scott Stern
400 West Main Street
North Adams, Massachusetts 01247

The within motion is hereby
~~APPROVED - DENIED.~~

Date: 6/24/05

_____
Justice, Probate and Family Court

Allowed only in so far as any portion of the report specifically discussing conversations recorded in violation of state and/or fedral laws shall be redacted before the report is entered into evidence

Hampshire, ss, Probate Court, Northampton, Mass.,
A true photocopy.
Attest: _David E Sullivan_ Register

MAR 2 3 2006

4

FILED
...K'S OFFICE

**CERTIFICATE OF SERVICE**

2006 MAR 23  P 4: 51

I, Scott Stern, Pro-Se Plaintiff in this action of Stern v. Stern, Docket Number 90D0490D1, certify that I have caused a copy of:

MOTION TO STRIKE THE GUARDIAN AD LITEM'S REPORT of Evan Ehmann, Licsw dated November 29, 2004 in Docket No. 90-D0490-D1 and the Guardian Ad Litem should be ordered to reimburse the Commonwealth of Massachusetts.

This motion, to be delivered, in hand, on April 11th, 2005, nine days prior to the hearing of April 20th, 2005, to Erin Wyllie, of Andrus & Wyllie, P.C., 16 Center Court, Northampton, Massachusetts 01060 on April 11, 2005 together with notice that same is marked for hearing on April 20th, 2005 at 2:00 p.m.

_____            _____
Date of hand delivery                 Signature

1

# CERTIFICATE OF SERVICE

I, Scott Stern, Pro-Se Plaintiff, in this action of Stern v. Stern, et al United States District Court, docket No 05-30082 MAP, certify that I have caused a copy of the foregoing document:

Copy of Plaintiff's Motion for Reconsideration of Order dated February 27, 2006.

Copy of Motion to Strike the Guardian Ad Litem's report as entered in the Hampshire Probate and Family Court (certified copy)

Copy of the first page of the docketed Motion to Strike the Guardian Ad Litem's Report. (certified copy)

Copy of the last page of the Motion to Strike the Guardian Ad Litem's report with Honorable Judge Geoffrey Wilson's remarks and order of same Motion to Strike. (certified copy)

to have been delivered, postage prepaid, to the defendants at their respective counsel addresses on March 23, 2006.

Andrus & Wyllie, P.C.
Erin Wyllie
15 Center Court
Northampton, Massachusetts 01060


The Law Offices of Edward Berlin
Robert E. Young
278 Main Street, Suite 205
Greenfield, Massachusetts 01301-3302


Long & Holden
Richard Poliferno
100 Summer Street
Boston, Massachusetts 02110


to be delivered, by United States Postal Service, by the plaintiff, to the United States District Court, 1550 Main street, Springfield, Massachusetts on March 23, 2006.

Scott Stern
All Rights Reserved without Prejudice
Pro-Se Plaintiff
400 West Main Street
North Adams, Massachusetts 01247

March 23 2006
Date of Mailing